Anoush Hakimi (SBN 228858)
anoush@handslawgroup.com
Peter Shahriari (SBN 237074)
peter@handslawgroup.com
Ani Avetisyan (SBN 266679)
ani@handslawgroup.com
Laura Steven (SBN 332168)
laura@handslawgroup.com
**THE LAW OFFICE OF HAKIMI & SHAHRIARI**
1800 Vine Street
Los Angeles, CA 90028
Telephone: (888) 635-2250
Facsimile: (213) 402-2170

Attorneys for Plaintiff,
**JAMES SHAYLER**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Shayler, an individual,<br><br>           Plaintiff,<br><br>      v.<br><br>Ehab S. Yacoub, an individual;<br>Lorine A. Mikhaeil, an individual; and<br>Does 1-10,<br><br>           Defendants. | CASE NO.:  2:20-cv-01882-RAO<br><br>Hon. Rozella A. Oliver<br><br><br>**PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date:  April 14, 2021<br>Time:  10:00 a.m.<br>Courtroom:  590 |

PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND
CONCLUSIONS OF LAW

Plaintiff James Shayler ("Plaintiff") submits this Statement of Uncontroverted Facts, together with references to supporting evidence, in support of his motion for summary judgment against Defendants Ehab S. Yacoub and Lorine A. Mikhaeil ("Defendants").

| UF No. | Plaintiff's Uncontroverted Fact | Supporting Evidence |
|--------|--------------------------------|--------------------|
| UF 1 | Plaintiff James Shayler is disabled. | Declaration of James Shayler filed concurrently herewith ("Shayler Decl.") at ¶¶ 3-16; Declaration of Thomas E. McCloy, M.D. filed concurrently herewith ("McCloy Decl.") at ¶¶ 3-11; P's Exhs. 1-10. |
| UF 2 | Plaintiff has several spinal issues, including spinal arthritis, spinal stenosis, spondylosis, and a herniated disk, which affect and impair his mobility. | Shayler Decl. ¶¶ 3, 7, 9; McCloy Decl. ¶¶ 3, 4; P's Exhs. 1, 3. |

PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| UF 3 | Plaintiff has nerve damage throughout his back, legs, and feet, which further impairs his mobility. | Shayler Decl. ¶¶ 3, 7, 9, 10, 11, 15; McCloy Decl. ¶ 4; P's Exhs. 1, 3, 4, 5, 9. |
| --- | --- | --- |
| UF 4 | Plaintiff has leg and foot issues, including complications from two knee replacement surgeries, bilateral osteoarthritis of the knees, and osteomyelitis in his foot requiring hospitalization. | Shayler Decl. ¶¶ 3, 8-14; McCloy Decl. ¶ 5; P's Exhs. 1-8. |
| UF 5 | Plaintiff has limited mobility, and has difficulty walking and/or standing for longer than fifteen (15) minutes; he uses a cane daily to help him walk; and when his pain is especially bad, he uses a walker instead. | Shayler Decl. ¶¶ 4, 7; McCloy Decl. ¶¶ 6, 7; P's Exhs. 1, 10. |
| UF 6 | Plaintiff has very limited use of his left arm and hand. | Shayler Decl. ¶¶ 5, 9, 11; McCloy Decl. ¶ 8; P's Exhs. 3, 5. |

PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND
CONCLUSIONS OF LAW

| UF 7 | Because his mobility is severely impaired, Plaintiff needs ADA compliant routes of travel, parking, signage, business interiors, and restroom facilities for full and equal access to public accommodations. | Shayler Decl. ¶ 16. |
|---|---|---|
| UF 8 | Considering his disabilities, the State of California has issued Plaintiff a permanent disabled person parking placard. | Shayler Decl. ¶ 6; P's Exh. 11. |
| UF 9 | Defendants own the property located at 4315 Sepulveda Boulevard, Culver City, California 90230 ("the Property"). | Declaration of Anoush Hakimi filed concurrently herewith ("Hakimi Decl.") at ¶ 8; P's Exh. 29, Yacoub Depo. Tr. at 41:11-42:4. |

PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| UF 10 | On the Property, there is a restaurant/ eatery called Fresh Pita Organic Express ("the business"), which is a business open to the public. | Hakimi Decl. ¶ 5; Shayler Decl. ¶ 18; ECF Doc. 45, Defendant's Answer to FAC at ¶¶ 3, 10; ECF Doc. 14, Defendants' Answer to Complaint at ¶¶ 3, 10. |
|---|---|---|
| UF 11 | In February 2019, April 2019, November 2019, and December 2019, Plaintiff visited the Property to patronize the business, but he experienced difficulty, humiliation, discomfort, and/or frustration upon encountering various access barriers. | Shayler Decl. ¶¶ 17-23; ECF Doc. 44, First Amended Complaint ("FAC") at ¶¶ 12, 20-22; ECF Doc. 1, Complaint ("Compl.") at ¶¶ 12, 17-19. |
| UF 12 | Plaintiff encountered pavement that was not smooth; there were changes in level and excess slopes in the route connecting the designated disabled parking space | Shayler Decl. ¶ 20. |

PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND
CONCLUSIONS OF LAW

| | | |
|---|---|---|
| | (and/or access aisle) to the business entrance. | |
| UF 13 | Plaintiff had difficulty disembarking from his vehicle and unloading his mobility device(s) because the designated disabled parking space and adjacent access aisle were not the proper size. | Shayler Decl. ¶ 21. |
| UF 14 | Plaintiff also encountered designated disabled parking that was not clearly marked and lacked adequate signage, which made it difficult for him to park. | Shayler Decl. ¶ 22. |
| UF 15 | Plaintiff had trouble comfortably reaching the toilet tissue dispenser, and the mirror was placed too high off the floor. | Shayler Decl. ¶ 23. |
| UF 16 | Plaintiff filed his Complaint on February 26, 2020, alleging violations of the Americans with Disabilities Act | Hakimi Decl. ¶¶ 2-4; ECF Doc. 1, Complaint. |

PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | | |
|---|---|---|
| | ("ADA") and Unruh Civil Rights Act ("UCRA"). | |
| UF 17 | On August 18, 2020, Plaintiff's investigator, Marc Friedlander, visited the Property and photographed the conditions thereon. | Declaration of Marc Friedlander filed concurrently herewith ("Friedlander Decl.") at ¶¶ 3-4; P's Exhs. 12-28. |
| UF 18 | The access aisle is not marked/painted properly. | Friedlander Decl. ¶ 6; P's Exh. 12; Hakimi Decl. ¶¶ 10-11, 19, 21; P's Exh. 31, Mikhaeil Depo. Tr. at 179:14-180:1, 184:17-186:16; P's Exh. 30 at 29, 34-36 (Defendants' CASp Report at 28, 33-35). |
| UF 19 | The designated disabled parking space measures less than eighteen feet (18') long; instead, it measures thirteen feet, six inches (13' 6") long. | Friedlander Decl. ¶ 7; P's Exh. 13; Hakimi Decl. ¶¶ 10-11; P's Exh. |

PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND
CONCLUSIONS OF LAW

| | | 30 at 20-21 (Defendants' CASp Report at 19-20). |
|---|---|---|
| UF 20 | The access aisle is less than eighteen feet (18') long; it measures seventeen feet, eight and one-half inches (17' 8.5") long. | Friedlander Decl. ¶ 8; P's Exh. 14. |
| UF 21 | The designated disabled parking space has slopes exceeding 2%, including slopes as high as 6.8%. | Friedlander Decl. ¶ 9; P's Exh. 15; Hakimi Decl. ¶¶ 10-11; P's Exh. 30 at 22-27 (Defendants' CASp Report at 21-26). |
| UF 22 | The designated disabled parking space and adjacent access aisle have severely damaged pavement with uneven ground, divots, joint reflection cracking, and block cracking. | Friedlander Decl. ¶ 10; P's Exh. 16; Hakimi Decl. ¶¶ 10-11, 20, 22; P's Exh. 31, Mikhaeil Depo. Tr. at 180:4-10, 183:10-184:5, 190:6-15; P's Exh. 30 at 30-33, 42-44 (Defendants' CASp Report at 29-32, 41-43). |

PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND
CONCLUSIONS OF LAW

| UF 23 | The route from the designated disabled parking space (including the space itself) to the restaurant/eatery entrance has damaged, uneven ground with excess changes in level. | Friedlander Decl. ¶ 11; P's Exh. 17; Hakimi Decl. ¶¶ 10-11, 23; P's Exh. 31, Mikhaeil Depo. Tr. at 199:14-200:9; P's Exh. 30 at 56-60 (Defendants' CASp Report at 55-59). |
|---|---|---|
| UF 24 | The route from the access aisle to the business entrance has slopes exceeding 5%, including slopes as high as 5.9%, but it is not a compliant ramp. | Friedlander Decl. ¶ 12; P's Exh. 18; Hakimi Decl. ¶¶ 10-11; P's Exh. 30 at 46-53, 61-67 (Defendants' CASp Report at 45-52, 60-66). |
| UF 25 | There is no accessible pedestrian route, away from parked and moving vehicles, leading from the parking area/ access aisle to the front entrance of the business. | Friedlander Decl. ¶ 13; P's Exh. 19; Hakimi Decl. ¶¶ 10-11; P's Exh. 30 at 7-17, 46-55 (Defendants' CASp Report at 6-16, 45-54). |

PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| UF 26 | There are no signs posted at the entrance of the parking area, or at the designated disabled parking space, warning that unauthorized vehicles parked in designated accessible spaces will be towed. | Friedlander Decl. ¶ 15; P's Exh. 20; Hakimi Decl. ¶¶ 10-11, 16; P's Exh. 31, Mikhaeil Depo. Tr. at 149:4-150:14; P's Exh. 30 at 5-6 (Defendants' CASp Report at 4-5). |
| --- | --- | --- |
| UF 27 | There is no blue sign with the International Symbol of Accessibility ("ISA") posted at the designated disabled parking space; instead, the blue sign with the ISA is posted in front of an unmarked, inaccessible space. | Friedlander Decl. ¶ 16; P's Exh. 21; Hakimi Decl. ¶¶ 10-11, 17; P's Exh. 31, Mikhaeil Depo. Tr. at 167:6-22; P's Exh. 30 at 18-19 (Defendants' CASp Report at 17-18). |
| UF 28 | The ISA in the designated disabled parking space is extremely faded, with portions of the paint completely eroded; the symbol is therefore illegible. | Friedlander Decl. ¶ 17; P's Exh. 22; Hakimi Decl. ¶¶ 10-11, 18; P's Exh. 31, Mikhaeil Depo. Tr. at 178:6-179:3; |

Case No. 2:20-cv-01882-RAO

PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | | |
|---|---|---|
| | | P's Exh. 30 at 28 (Defendants' CASp Report at 27). |
| UF 29 | There is no directional signage indicating an accessible route. | Friedlander Decl. ¶ 18; P's Exh. 23. |
| UF 30 | There is a change in level at the Fresh Pita Organic Express restaurant/eatery's front entrance (including the weather strip thereon) exceeding one-half inch (1/2"); the change in level measures three-fourths of an inch (3/4"). | Friedlander Decl. ¶ 20; P's Exh. 24. |
| UF 31 | The mats inside and outside of the Fresh Pita Organic Express restaurant/eatery are not secured, which can easily cause buckling and rolling. | Friedlander Decl. ¶ 21; P's Exh. 25. |
| UF 32 | The business entrance doorway does not have adequate clearance of thirty-two inches (32"); it has a clearance of thirty inches (30"). | Friedlander Decl. ¶ 22; P's Exh. 26. |

PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| UF 33 | The reflecting surface of the restroom mirror is positioned more than forty inches (40") above the floor; it is positioned approximately fifty-two inches (52") above the floor. | Friedlander Decl. ¶ 23; P's Exh. 27. |
|---|---|---|
| UF 34 | The grab bar on the wall behind the toilet is positioned more than thirty-three inches (33") above the floor; it is positioned thirty-six inches (36") above the floor. | Friedlander Decl. ¶ 24; P's Exh. 28. |
| UF 35 | After the identification of additional barriers to access at the Property and/or the business, Plaintiff filed a First Amended Complaint ("FAC") on October 26, 2020. | Hakimi Decl. ¶ 6; ECF Doc. 44, FAC. |
| UF 36 | Plaintiff is aware of the existing barriers to access observed by Mr. Friedlander, and he intends/plans to return to the Property again once the existing violations are remediated. | Shayler Decl. ¶¶ 24-34. |

PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| UF 37 | The existing violations would impede Plaintiff's ability (i.e., would make it more difficult for him) to access Defendants' property, including to use the designated disabled parking space, access aisle, route, business entrance, and restroom. | Shayler Decl. ¶¶ 25-34. |
|---|---|---|
| UF 38 | Considering the existing violations, Plaintiff is deterred from visiting the Property. | Shayler Decl. ¶ 25. |
| UF 39 | Plaintiff intends and plans to return to the Property to patronize the Fresh Pita Organic Express restaurant/eatery very soon, once existing violations have been remediated, including because the Property is conveniently located approximately ten (10) minutes from his home by car, and he enjoys the shawarma at the business. | Shayler Decl. ¶¶ 24, 34. |

PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND
CONCLUSIONS OF LAW

| UF 40 | Defendants' own Certified Access Specialist (CASp) issued a written report identifying twenty-three (23) violations in need of repair with respect to parking, routes of travel, and improper signage. | Hakimi Decl. ¶¶ 10-11; P's Exh. 30, Defendants' CASp Report. |
|-------|---|---|
| UF 41 | Defendants concede that several barriers to access exist and can be remediated. | Hakimi Decl. ¶¶ 11, 14, 16-18, 20-23; P's Exh. 31, Mikhaeil Depo. Tr. at 95:4-12, 149:4-150:14, 167:6-22, 178:6-179:3, 180:4-10, 183:10-184:5, 184:17-185:13, 190:6-15, 199:14-200:9; P's Exh. 30, Defendants' CASp Report. |
| UF 42 | Defendants admitted that tow-away signs are not posted as required, and they would be able to address this issue. | Hakimi Decl. ¶ 16; P's Exh. 31, Mikhaeil Depo. Tr. at 149:4-150:14. |

Case No. 2:20-cv-01882-RAO

PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| UF 43 | Defendants admitted that the designated disabled parking space sign is not posted in the proper place and can be moved. | Hakimi Decl. ¶ 17; P's Exh. 31, Mikhaeil Depo. Tr. at 167:6-22. |
|---|---|---|
| UF 44 | Defendants admitted that the International Symbol of Accessibility is not clearly painted and can be re-painted. | Hakimi Decl. ¶ 18; P's Exh. 31, Mikhaeil Depo. Tr. at 178:6-179:3. |
| UF 45 | Defendants admitted that the striping/marking for the loading/unloading access aisle (adjacent to the designated disabled parking space) needs repair and/or maintenance. | Hakimi Decl. ¶ 19; P's Exh. 31, Mikhaeil Depo. Tr. at 179:14-180:1, 185:17-186:16. |
| UF 46 | Defendants admitted that the parking lot has abrupt edges and surface irregularities with changes in level over one-quarter inch, which can be fixed. | Hakimi Decl. ¶ 20; P's Exh. 31, Mikhaeil Depo. Tr. at 180:4-10, 183:10-184:5. |
| UF 47 | Defendants admitted that the words "NO PARKING" can be printed/painted on the access aisle. | Hakimi Decl. ¶ 21; P's Exh. 31, Mikhaeil Depo. Tr. at 184:17-185:13. |

Case No. 2:20-cv-01882-RAO

PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| UF 48 | Defendants admitted that the access aisle contains abrupt changes in level and surface irregularities over one-quarter inch, which can be resolved. | Hakimi Decl. ¶ 22; P's Exh. 31, Mikhaeil Depo. Tr. at 190:6-15. |
|---|---|---|
| UF 49 | Defendants admitted that the walkway contains changes in level that can be remediated. | Hakimi Decl. ¶ 23; P's Exh. 31, Mikhaeil Depo. Tr. at 199:14-200:9. |
| UF 50 | Defendants are serial violators of the ADA; they settled a prior accessibility-related lawsuit, and yet did not make any remediations as a result. | Hakimi Decl. ¶¶ 8, 15; P's Exh. 29, Yacoub Depo. Tr. at 11:19-12:21; P's Exh. 31, Mikhaeil Depo. Tr. at 116:8-11. |

Based upon the foregoing Statement of Uncontroverted Facts, this Court should make the following Conclusions of Law:

1.  Plaintiff James Shayler is a disabled person under the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("UCRA"). *See* 42 U.S.C. § 12202; Cal. Civ. Code § 51(e)(1); Cal. Gov't Code § 12926(m).

PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

2. As owners of a place of public accommodation, Defendants are the responsible parties under Title III of the ADA. *See* 42 U.S.C. § 12182(a).

3. Defendants have an obligation under the ADA to ensure that the Property is accessible to persons with disabilities, which includes removing barriers to access where it is readily achievable to do so. *See* 42 U.S.C. § 12182(b)(2)(A)(iv).

4. Because a pedestrian route of travel is/are one of the facilities, privileges, and accommodations made available to customers of the Property, Defendants must provide a marked, accessible route connecting the public sidewalks, access aisle (adjacent to the designated disabled parking space), designated disabled parking space, and Fresh Pita Organic Express restaurant/eatery entrance, which is free from excessive slopes, damaged pavement, and vehicles (both parked and moving). 1991 ADA Standards for Accessible Design ("ADAS") §§ 4.3.2(1), 4.3.7, 4.8; 2010 ADAS §§ 302.1, 403.1, 403.2, 403.3; 502.3; 2010 CBC § 1133B.5.1; 2016 CBC, Chapter 11B (7/1/18), Section 11B-403.3.

5. By failing to provide an accessible route, Defendants presented barriers to access because: (1) removal (remediation) of the barriers was readily achievable; and (2) Plaintiff encountered the barriers and/or is reasonably deterred from visiting the Property because of the knowledge of the

PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND
CONCLUSIONS OF LAW

existence of the barriers.  *See* 42 U.S.C. § 12182(b)(2)(A)(iv); *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011); *Doran v. 7-ELEVEN, Inc.*, 524 F.3d 1034, 1040 (9th Cir. 2008).  Thus, Defendants violated Plaintiff's rights to full and equal access under the ADA.  *Id.*

6.  Because parking is one of the facilities, privileges, and accommodations made available to customers of the Property, Defendants must provide accessible parking, including by:  providing clear signage marking accessible parking spaces and access aisles; providing sufficiently long designated disabled parking spaces; and providing, in the designated disabled parking space and adjacent access aisle, ground surfaces that do not have excessive slopes, severely damaged pavement, or excessive changes in level.  *See* 1991 ADAS §§ 3.5, 4.3.8, 4.6.3; 2010 ADAS §§ 303.3, 502.3.2, 502.4; 2010 CBC § 1129B.3.3; 2016 CBC § 11B-502.2.

7.  By failing to provide compliant/accessible parking, Defendants presented barriers to access because:  (1) removal (remediation) of the barriers was readily achievable; and (2) Plaintiff encountered the barriers and/or is reasonably deterred from visiting the Property because of the knowledge of the existence of the barriers.  *See* 42 U.S.C. § 12182(b)(2)(A)(iv); *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011); *Doran v. 7-

PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND
CONCLUSIONS OF LAW

*ELEVEN, Inc.*, 524 F.3d. 1034, 1040 (9th Cir. 2008).  Thus, Defendants

violated Plaintiff's rights to full and equal access under the ADA.  *Id.*

8.   Because access to the interior of the Fresh Pita Organic Express restaurant/

eatery building is one of the facilities, privileges, and accommodations

made available to customers of the Property, Defendants must provide an

accessible restroom with a properly positioned toilet grab bar and mirror;

an entrance doorway which is level and has adequate clearance; and

secured mats at the entrance and inside the restaurant/eatery.  1991 ADAS

§§ 4.5.3, 4.13.5, 4.19.6; 5.4.2; 2010 ADAS § 302.2, 303.4, 404.2.3, 603.3;

2010 CBC §§ 1115B.4.1.3(3.1), 1115B.8.1; 2016 CBC § 11B-603.3.

9.   By failing to make the interior of the building accessible, Defendants

presented barriers to access because:  (1) removal (remediation) of the

barriers was readily achievable; and (2) Plaintiff encountered the barriers

and/or is reasonably deterred from visiting the Property because of the

knowledge of the existence of the barriers.  *See* 42 U.S.C. §

12182(b)(2)(A)(iv); *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939,

945 (9th Cir. 2011); *Doran v. 7-ELEVEN, Inc.*, 524 F.3d. 1034, 1040 (9th

Cir. 2008).  Thus, Defendants violated the Plaintiff's rights to full and equal

access under the ADA.  *Id.*

Case No. 2:20-cv-01882-RAO

PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND
CONCLUSIONS OF LAW

10. Because Plaintiff is aware of the existing ADA violations, and is reasonably deterred from visiting Defendants' property (a place of public accommodation) because of Defendants' failure to comply with the ADA, Plaintiff is entitled to injunctive relief. *See* 42 U.S.C. § 12188(a).

11. Because Defendants violated Plaintiff's rights under the ADA, Defendants also violated Plaintiff's rights under the UCRA. *See* Cal. Civ. Code § 51(f).

12. Because Plaintiff personally encountered violations (barriers to access), and is deterred from accessing Defendants' place of public accommodation because he has personal knowledge of existing violations, he is entitled to recover statutory damages of $4,000.00 per incident. *See* Cal. Civ. Code §§ 52(a), 55.56(a), 55.56(b).

13. Plaintiff has standing to seek injunctive relief in the form of an order that Defendants remediate existing ADA violations and maintain an accessible property, including an accessible building, accessible parking, and accessible routes of travel. *See* 42 U.S.C. § 12188(a)(2). The Property is conveniently located approximately ten (10) minutes from Plaintiff's home by car, and Plaintiff enjoys the shawarma at the Fresh Pita Organic Express restaurant/eatery. Plaintiff plans and intends to visit the Property again as soon as existing barriers to access are removed. Plaintiff will continue to

PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND
CONCLUSIONS OF LAW

face the same discriminatory barriers to access until Defendants remove the barriers.

14. Because Plaintiff's rights were violated under the ADA and the UCRA, he is entitled to an order directing Defendants to remediate existing violations, and to maintain accessible parking, an accessible route, and an accessible building interior.

15. Under the UCRA, Plaintiff is also entitled to recover statutory damages of $20,000 ($4,000 per incident, for four actual visits and one deterred visit).

Dated: March 17, 2021      THE LAW OFFICE OF HAKIMI & SHAHRIARI

By: _/s/ Anoush Hakimi_
      ANOUSH HAKIMI, ESQ.
      Attorneys for Plaintiff James Shayler

Case No. 2:20-cv-01882-RAO

PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW