Anoush Hakimi (SBN 228858)
anoush@handslawgroup.com
Peter Shahriari (SBN 237074)
peter@handslawgroup.com
Ani Avetisyan (SBN 266679)
ani@handslawgroup.com
Laura Steven (SBN 332168)
laura@handslawgroup.com
**THE LAW OFFICE OF HAKIMI & SHAHRIARI**
1800 Vine Street
Los Angeles, CA 90028
Telephone: (888) 635-2250
Facsimile: (213) 402-2170

Attorneys for Plaintiff,
**JAMES SHAYLER**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Shayler, an Individual,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Ehab S. Yacoub, an Individual;<br>Lorine A. Mikhaeil, an Individual; and<br>Does 1-10,<br><br>　　　　Defendants. | Case No.:  2:20-cv-01882-RAO<br><br>Hon. Rozella A. Oliver<br><br>**DECLARATION OF MARC FRIEDLANDER IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:  April 14, 2021<br>Time:  10:00 a.m.<br>Courtroom:  590 |

DECLARATION OF MARC FRIEDLANDER ISO PLAINTIFF'S MSJ

**DECLARATION OF MARC FRIEDLANDER**

I, Marc Friedlander, declare as follows:

1. I, the undersigned, am an investigator. I was hired by The Law Office of Hakimi & Shahriari ("the firm") to conduct investigations in this case. Based upon my own experience and knowledge, I can competently testify to the following:

2. The firm requested that I inspect the property located at 4315 Sepulveda Blvd., Culver City, California 90230 (the "Property"), including the restaurant/ eatery named Fresh Pita Organic Express located thereon.

3. On August 18, 2020, I went to the Property and conducted a thorough inspection. I found that multiple barriers to access (i.e., conditions in violation of the Americans with Disabilities Act and/or Unruh Civil Rights Act) existed. I took photos of those conditions (barriers) and provided them to the firm.

4. Filed concurrently herewith, as Plaintiff's <u>Exhibits 12-28</u>, are true and correct copies of the photos I took of the Property on August 18, 2020, which reflect the barriers and/or conditions I observed that day and outline below.

5. It was apparent that the parking lot is full of violations.

6. The access aisle, adjacent to the designated disabled parking space, has faded blue paint. P's Exh. 12. The words "NO PARKING" are not painted

in the access aisle. *Id.* In fact, when I visited the Property, a vehicle was parked in the access aisle, obscuring the access aisle, and rendering it unusable. *Id.*

7. I observed that the designated disabled parking space measures less than eighteen feet (18') long; it measures thirteen feet, six inches (13'6") long. P's Exh. 13.

8. I observed that the access aisle is less than eighteen feet (18') long; it measures seventeen feet, eight and one-half inches (17'8.5") long. P's Exh. 14.

9. I observed that the designated disabled parking space has slopes exceeding 2%, including slopes as high as 6.8%. P's Exh. 15.

10. I observed that the designated disabled parking space and adjacent access aisle have severely damaged pavement with uneven ground, divots, joint reflection cracking, and block cracking. P's Exh. 16.

11. The route of travel from the designated disabled parking space (including the space itself) to the restaurant/eatery entrance has damaged, uneven ground with excess changes in level. P's Exh. 17.

12. I observed that the route of travel from the access aisle to the business entrance has slopes exceeding 5%, including slopes as high as 5.9%, but it is not a compliant ramp. P's Exh. 18.

DECLARATION OF MARC FRIEDLANDER ISO PLAINTIFF'S MSJ

13. I observed that there is no accessible pedestrian route of travel leading from the parking area to the front entrance of the business. P's Exh. 19. There is no safe path of travel away from parked and moving vehicles. *Id.*

14. Further, the Property lacks several required signs.

15. There are no signs posted at the entrance of the parking area, or at the designated disabled parking space, warning that vehicles parked in unauthorized places will be towed. P's Exh. 20.

16. There is no blue sign with the International Symbol of Accessibility ("ISA") posted at the designated disabled parking space; rather, the blue sign with the ISA is posted in front of an unmarked, inaccessible space. P's Exh. 21.

17. The ISA in the designated disabled parking space is extremely faded, with portions of the paint completely eroded; the symbol is therefore illegible. P's Exh. 22.

18. There is no directional signage indicating an accessible route of travel. P's Exh. 23.

19. There are also several non-compliant conditions in and around the Fresh Pita Organic Express restaurant/eatery.

20. There is a change in level at the Fresh Pita Organic Express eatery's front entrance (including the weather strip thereon) exceeding one-half inch (1/2"). P's Exh. 24. The change in level at the Fresh Pita Organic Express

DECLARATION OF MARC FRIEDLANDER ISO PLAINTIFF'S MSJ

eatery's front entrance (including the weather strip) measures three-fourths of an inch (3/4"). *Id.*

21. The mats inside and outside of the Fresh Pita Organic Express restaurant/eatery are not secured, which can easily cause buckling and rolling. P's Exh. 25.

22. The business entrance doorway does not have adequate clearance of thirty-two inches (32"). P's Exh. 26. The doorway clearance is thirty inches (30"). *Id.*

23. The reflecting surface of the restroom mirror is positioned more than forty inches (40") above the floor. P's Exh. 27. The reflecting surface is positioned approximately fifty-two inches (52") above the floor. *Id.*

24. I observed that the grab bar on the wall behind the toilet is positioned more than thirty-three inches (33") above the floor. P's Exh. 28. The grab bar is positioned thirty-six inches (36") above the floor. *Id.*

I declare under the penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: March 17, 2021

_____
Marc Friedlander