UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: CV 20-01882 RAO  Date: August 31, 2021
Title: James Shayler v. Ehab S. Yacoub, et al.

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [56]**

## I. INTRODUCTION

Pending before the Court in this action brought pursuant to the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act") is Plaintiff's renewed Motion for Summary Judgment ("Motion"), which was filed on May 5, 2021. Dkt. No. 56. Plaintiff's prior summary judgment motion was denied by the Court on April 30, 2021 on the ground that Plaintiff had not met his burden of plausibly showing that the removal of the barriers to access that he had encountered and/or identified at Defendants' business, Fresh Pita Organic Express, was readily achievable. Dkt. No. 55 at 9-10. Because the parties are familiar with the factual and procedural background of this case, the Court will not recite all of the relevant facts again but will hereby incorporate by reference its April 30, 2021 order.

In support of the instant Motion, Plaintiff has submitted a Memorandum of Points and Authorities, Dkt. No. 56-1; a Separate Statement of Undisputed Facts, Dkt. No. 56-2 ("SUF"); a Declaration of James Shayler, Dkt. No. 56-3; a Declaration of Dr. Thomas McCloy, Dkt. No. 56-4; a Declaration of Marc Friedlander, Dkt. No. 56-5; a Declaration of Anoush Hakimi, Dkt. No. 56-6; a Declaration of John Battista, Dkt. No. 56-7; and Plaintiff's Exhibits 1-32, Dkt. Nos. 56-9 through 56-40.

On May 26, 2021, Defendants filed a Memorandum of Points and Authorities in support of its opposition to the Motion ("Opposition"). Dkt. No. 58. Defendants' Opposition is supported by a Statement of Disputed Facts, Dkt. No. 58-1 ("SDF"); a Declaration of Saher Yassa, Dkt. No. 58-2; a Declaration of Ehab Yacoub, Dkt. No. 58-3; and a Declaration of Lorine Mikhaeil, Dkt. No. 58-4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 20-01882 RAO | Date: | August 31, 2021 |
| Title: | James Shayler v. Ehab S. Yacoub, et al. | | |

On June 2, 2021, Plaintiff filed a Reply, Dkt. No. 59; a second Declaration of Anoush Hakimi; Dkt. No. 59-1; and Plaintiff's Exhibit 33, Dkt. No. 59-2.

On June 8, 2021, on the eve of the hearing on the Motion, Defendants submitted a second Declaration of Ehab Yacoub, Dkt. No. 60, and a second Declaration of Saher Yassa, Dkt. No. 60-1, in support of their Opposition.

On June 9, 2021, the Court heard argument from counsel on the Motion and on Defendants' objections to the Motion.

For the reasons stated below, the Court **GRANTS** the Motion.

## II. BACKGROUND

### A. Undisputed Facts

The Court incorporates by reference the undisputed facts found and set forth in its prior order, Dkt. No. 55 at 3-4, except as expressly amended or supplemented below.

### B. Disputed Facts

The Court incorporates by reference the disputed facts found and set forth in its prior order, Dkt. No. 55 at 5, except as expressly amended or supplemented below.

## III. LEGAL STANDARD FOR RULE 56 MOTIONS

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" only if a sufficient evidentiary basis exists upon which a reasonable jury could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A factual dispute is "material" only if it might affect the outcome of the suit under governing law. *Id.* at 248.

The moving party bears the initial responsibility of presenting the basis of its motion and identifying those portions of the record, together with affidavits, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Once the moving party meets its initial burden, the burden shifts to the opposing party to demonstrate the existence of a genuine issue of material fact with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 20-01882 RAO | Date: | August 31, 2021 |
| Title: | James Shayler v. Ehab S. Yacoub, et al. | | |

specific facts. *Anderson*, 477 U.S. at 248-49. The parties must support their assertions that a material fact cannot be or is genuinely disputed by (1) citing materials in the record, (2) showing that materials cited do not establish an absence or presence of a genuine dispute, or (3) showing that the adverse party lacks admissible evidence to support its factual position. *See* Fed. R. Civ. P. 56(c)(1)(A)-(B). A party may also object to material cited on the basis that it "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). An opposing party cannot rely on the "mere existence of a scintilla of evidence." *Anderson*, 477 U.S. at 252.

In considering a motion for summary judgment, the Court must examine all the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor. *Id.* at 255. The Court does not make credibility determinations, nor does it weigh conflicting evidence. *Anderson*, 477 U.S. at 255. But "[c]onclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

The Court may consider only admissible evidence in ruling on a summary judgment motion. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The Court is concerned only with the admissibility of relevant facts, not the form presented in a motion. *See* Fed. R. Civ. P. 56(c)(2) (permitting a party to "object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence").

**IV.   DISCUSSION**

In its April 30, 2021 order, the Court found that there was no genuine issue of material fact that (1) Plaintiff is disabled within the meaning of the ADA; (2) Defendants are a private entity that operate a place of public accommodation; and (3) Plaintiff's full and equal access to Defendants' business had been impaired. Dkt. No. 55 at 7-8 (citing standard set forth in *Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010)).

Further, the Court found in its prior order that the only issue in dispute was whether Plaintiff had met his burden of plausibly showing that the removal of the barriers encountered or identified at Defendants' business was "readily achievable" by Defendants. Dkt. No. 55 at 8 (citing *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030 (9th Cir. 2020)). For the following reasons, the Court finds that Plaintiff has now met his burden and that Defendants have failed to present evidence sufficient to "negate [the plausible showing] and prove that the removal is *not* readily achievable." *Id.* at 1036.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 20-01882 RAO | Date: | August 31, 2021 |
| Title: | James Shayler v. Ehab S. Yacoub, et al. | | |

As noted in the prior order, to satisfy his initial burden Plaintiff "must plausibly show how the cost of removing the architectural barrier at issue does not exceed the benefits under the circumstances." *Id.* at 1038. Plaintiff is not required to address the ADA's four enumerated factors[1] in detail but need only make a "plausible showing that the requested accommodation is readily achievable." *Id.* at 1038-39. Once he has done so, "the burden shifts to [Defendants] to counter [this] initial showing, and at that point the [Court] is required under the statute to weigh each of the § 12181(9) factors to determine whether removal of the architectural barrier is readily achievable or not." *Id.* at 1039.

In his renewed Motion, Plaintiff has presented evidence in the form of a Site Accessibility Evaluation Report that was prepared following an inspection of Defendants' business on May 4, 2021 by John Battista, a Certified Access Specialist with over 38 years of construction experience. *See* Mot. at 27-30; Dkt. No. 56-40 ("CASp Report"); Dkt. No. 56-7 at ¶¶ 2-3. According to Plaintiff, the CASp Report establishes that nearly all of the remediation work identified by Battista is readily achievable because it is not overly costly, time-consuming, or impactful with regard to the Business' operation. Motion at 30; Battista Declaration at ¶ 68. Notably, Battista sets forth time and cost estimates for each proposed remediation. *See* Motion at 27-30; Battista Declaration at ¶¶ 12, 19, 21, 23, 24, 26, 28, 30, 32, 34, 36, 38, 41, 43, 45, 47, 49, 51, 53, 55, 57, 59, 61, 63, 65, 67.

Defendants nevertheless argue in response that Plaintiff's cost-benefit analysis "falls short of the mark." Opposition at 3. In Defendants' view, Plaintiff and Battista have "provided nothing more than unsupported price estimates" that do not satisfy Plaintiff's burden under *Lopez*. *Id.* (citing *Vesecky v. Garick, Inc.*, 2008 WL 4446714, at *4 (D. Ariz. Sept. 30, 2008)).

For the following reasons, Defendants' argument is rejected. First, Defendants rely on a district court case from Arizona, *Vesecky*, that was issued before the Ninth Circuit clarified the

---

[1] The four factors are "(A) the nature and cost of the action needed [ ];
(B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;
(C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and
(D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.
42 U.S.C. § 12181(9)(A)–(D)." *Lopez*, 974 F.3d at 1038.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 20-01882 RAO | Date: | August 31, 2021 |
| Title: | James Shayler v. Ehab S. Yacoub, et al. | | |

appropriate burden-shifting framework in *Lopez*. Without the guidance of a Ninth Circuit ruling, the *Vesecky* court followed an approach taken by many other district courts in the Ninth Circuit at that time by relying on a Tenth Circuit opinion, *Colorado Cross Disability Coalition v. Hermanson Family, Ltd.*, 264 F.3d 999 (10th Cir. 2001). *Vesecky*, 2008 WL 4446714, at *3. In *Lopez*, however, the Ninth Circuit expressly declined to follow the Tenth Circuit's approach. *Lopez*, 974 F.3d at 1038 *(*citing *Roberts v. Royal Atl. Corp.*, 542 F.3d 363 (2d Cir. 2008)). Thus, under Ninth Circuit law, plaintiffs need not provide "precise cost estimates and a specific design regarding their proposed accommodation," as the Tenth Circuit held, but instead need only "articulate a plausible proposal for barrier removal, the costs of which, facially, do not clearly exceed its benefits[.]" *Id.* (citations and internal quotations omitted).

The Court finds that, except where specifically noted below, the costs and time estimates detailed in Plaintiff's CASp report are plausible and do not clearly exceed the benefits derived, namely, compliance with the ADA standards. Accordingly, Plaintiff has met his initial burden under *Lopez*. *See*, *e.g.*, *Langer v. Mobeeus, Inc.*, 2021 WL 1657016, at *6 (C.D. Cal. Feb. 3, 2021) (holding plaintiff met his initial burden under *Lopez* by furnishing experienced general contractor's cost estimates and thereby demonstrating that benefit of compliance with ADA facially outweighed costs of remediation). The burden then shifts to Defendants, who have an opportunity to "negate" or "counter" the plaintiff's plausible showing. *See Lopez*, 974 F.3d at 1036-39.

The Court concludes that Defendants have not adequately countered Plaintiff's showing. To begin, Defendants argue that all "barriers which could be removed without difficulty have been." Opposition at 2. In support of this argument, Defendants have attached a declaration from Defendant and property owner, Ehab Yacoub, stating that various remediations have been made. Dkt. No. 58-3. Defendants subsequently submitted an additional declaration by Yacoub, together with another supplementary declaration, suggesting that additional remediations have either been made or attempted.[2] *See* Dkt. Nos. 60, 60-1.

To the extent that the Court agrees that barriers have been removed by Defendants, it must necessarily find that the removal of those was "readily achievable.". *See, e.g.*, *Wilson v. Pier 1 Imports (US), Inc.*, 439 F. Supp.2d 1054, 1069 (E.D. Cal. 2006). The Court is not

---

[2] Since these documents were not filed before the May 26, 2021 deadline set by the Court's scheduling order, the Court need not consider them. *See* L-R. 7-12; Dkt. No. 57. In the interests of justice, however, the Court has reviewed all the documents filed before the hearing date.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 20-01882 RAO | Date: | August 31, 2021 |
| Title: | James Shayler v. Ehab S. Yacoub, et al. | | |

convinced, however, that Defendants have furnished sufficient proof of remediation. For example, although Defendants have proffered photographs of alleged remediations that appear to show that the parking stall has been repainted, they do not clearly show that the slope issues in the parking lot have been addressed. *See* Dkt. No. 60 at 20. Additionally, although a tow-away sign now appears to be properly placed, it seems to be missing the required information regarding where towed vehicles can be reclaimed. *See id.* at 10; CASp Report at 7.

Next, Defendants assert that they lack authority or control over parts of the property where other violations have been identified. Opposition at 2. Defendants argue that the alleyway which connects their business' parking lot to the street is under Culver City's control. *See* Dkt. No. 58-3 at ¶ 14. They also appear to argue that part of the parking lot is not under their control, although it is not entirely clearly which part of the lot is at issue. *See id.* at ¶ 9. The proof that Defendants have put forward regarding the control issue is an aerial photograph displaying the boundaries of the relevant parcel. *See id.* at 8. These boundaries do not extend over the alleyway but they do extend over the vast majority of the parking area. Therefore, the photograph suggests that Defendants do have control over the parking lot but may not have control over the alleyway.

The Court finds, however, that the question whether Defendants have control over the alleyway leading from their parking lot to the street in front is not material for purposes of the present dispute. The ADA standards require only that "at least one accessible route" be provided from a parking space to a business entrance. 36 C.F.R. pt. 1191, app. B § 206.2.1 (2014). Further, the ADA standards explain that the parking space must be located on the shortest accessible route between the space and an entrance. *Id.* § 208.3.1. In the instant case, Defendants have located the accessible parking space in the area closest to the rear entrance of their business. So long as the space, route, and rear entrance are all compliant with the ADA standards, that is all that is required.[3]

Finally, Defendants argue that if Plaintiff's estimates are correct, complete remediation will require the restaurant to close for a period of three to five days and necessitate expenditures of over $10,000. Opposition at 2. Although the Court must consider the cost of the action and its effect on the operation of the Business pursuant to 42 U.S.C. § 12181(9), Defendants have not

---

[3] In any event, Plaintiff has not shown that remediation of the alleyway is readily achievable. The alleyway is not addressed in Battista's report, and therefore no time or cost estimate has been provided for its repair. *See* Dkt. No. 56-40.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 20-01882 RAO | Date: | August 31, 2021 |
| Title: | James Shayler v. Ehab S. Yacoub, et al. | | |

put forward any arguments, or proffered any evidence, as to why these costs and effects outweigh the benefit afforded by compliance with the ADA standards. Defendants argue only that Plaintiff has failed to "compare the cost of the remediation against the net profits of Defendant." Opposition at 3. That comparison is not required as part of Plaintiff's initial burden, however, as set forth above. Further, even though Defendants presumably have better access to information regarding their own finances than Plaintiff, they have not provided any evidence from which the Court might "compare the cost of the remediation against [their] net profits" either. Therefore, the Court concludes that Defendants have not established that the effect of temporary closure of the Business for a period of three to five days and costs of "over $10,000" outweigh the benefits of compliance with the ADA and the provision of access to people with disabilities. In sum, the Court finds that the remediations set forth in Battista's CASp Report are readily achievable, except as noted below and, therefore, that Plaintiff is entitled to summary judgment.

**V.    RELIEF**

Although the Court has concluded that Plaintiff is entitled to injunctive relief under the ADA, not all of the violations identified in Battista's report must be remediated. Plaintiff admits that Battista identified "numerous violations that were not pled in the [First Amended Complaint]." *Id.* at 29. "In barrier removal cases, an ADA plaintiff may prevail only with respect to barriers alleged in the operative complaint." *Hernandez v. Polanco Enterprises, Inc.*, 19 F. Supp.3d 918, 926 (N.D. Cal. 2013) (citing *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 908 (9th Cir. 2011)). Defendants are deemed to not have fair notice of barriers identified for the first time in an expert report. *Id.* (citations omitted). In the instant case, Plaintiff did not seek leave to amend his complaint after the additional barriers were discovered. Therefore, the actionable barriers are only those that appear in both Battista's report and the First Amended Complaint ("FAC") (with one further exception[4]).

---

[4] Plaintiff's motion, reply brief, and expert report each indicate that leveling the concrete in the front of the Business may not be readily achievable, although an adequate alternative is available. *See* Mot. at 28 ("However, if leveling the front door entrance landing cannot be done, Defendants can address the threshold violation by installing a compliant retro-fit threshold in one hour for a mere $100."); Dkt. No. 59 at 12 ("Leveling the front door threshold would cost $2000 if there was wider concrete done [sic] surrounding the front entrance, but alternatively, a compliant retro-fit threshold can be installed . . . ."); CASp Rep. at 42 ("If it is not readily achievable to do the concrete work, a compliant retro-fit threshold should be installed."). The Court finds that Plaintiff has met his initial burden of plausibly showing that remediating this particular barrier is readily achievable only with respect to installing a "compliant retro-fit threshold," as opposed to performing the concrete work.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 20-01882 RAO | Date: | August 31, 2021 |
| Title: | James Shayler v. Ehab S. Yacoub, et al. | | |

In the interest of clarity and for ease of compliance, the following is a list of all the barriers that the Court agrees Defendants can and must remediate, identified by a general title for the purpose of this ruling, followed by the corresponding expert report "Finding Number(s)," and the page(s) on which the corresponding violation(s) appear in the FAC:

1. Tow-away sign.  Finding 1; FAC at 6-7.

2. Accessible parking stall/access aisle markings.  Finding 3; FAC at 7-9.

3. "No Parking" surface sign in access aisle.  Finding 4; FAC at 9.

4. ISA surface sign in accessible parking stall.  Finding 5; FAC at 10.

6. Length of accessible parking stall and access aisle.  Finding 6; FAC at 8.

7. Cross-slope within parking lot.  Finding 7; FAC at 17-18.

8. Rear entrance floor mat unsecured.  Finding 10; FAC at 20-21.

10. Front entrance threshold.  Finding 16; FAC at 21.

11. Front entrance door clearing.  Finding 17; FAC at 22.

12. Lack of accessible table in outdoor dining area.  Finding 20; FAC at 14-15.

13. Counter height.  Findings 22-24; FAC at 14.

14. Bathroom door signage.  Findings 25-26; FAC at 15.

15. Accessible lavatory violations.  Findings 27-31; FAC at 15-17.

"[I]njunctive relief is proper when architectural barriers at [a] defendant's establishment violate the ADA and the removal of the barriers is readily achievable." *Vogel v. Rite Aid Corp.*, 992 F. Supp.2d 998, 1015 (C.D. Cal. 2014) (citations omitted).  Failure to comply to the letter of the ADA standards violates the ADA.  *See, e.g.*, *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945-46 (9th Cir. 2011) (citations omitted).  Therefore, injunctive relief is appropriate as to the noncompliant architectural features identified above, whose removal is readily achievable. Under the ADA, "injunctive relief shall include an order to alter facilities to make [them] readily accessible to and usable by individuals with disabilities." 42 U.S.C. § 12188(a)(2).  Accordingly,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 20-01882 RAO | Date: | August 31, 2021 |
| Title: | James Shayler v. Ehab S. Yacoub, et al. | | |

Defendants are ordered to remediate the barriers identified by Plaintiff, as clarified in the instant order, and to submit a report establishing that the barriers have been remediated no later than **November 29, 2021**.

In addition to injunctive relief under the ADA, Plaintiff seeks an order for the minimum statutory damages under the Unruh Act for four actual visits and one deterred visit, in the amount of $20,000. Defendants do not dispute for the purposes of this motion that Plaintiff visited the Business on four occasions and "experienced difficulty, humiliation, discomfort, and/or frustration upon encountering various access barriers." SDF 11. Nor do Defendants dispute that Plaintiff has been deterred from visiting the Business. *Id.* at 38. In addition, Defendants did not raise any arguments regarding the validity of Plaintiff's Unruh Act claims at the hearing on the instant Motion.

Barriers that violate the ADA automatically violate the Unruh Act. *See Rodriguez v. Barrita, Inc.*, 10 F. Supp. 3d 1062, 1086 (N.D. Cal. 2014) (citations omitted); Cal. Civil Code § 51(f) ("A violation of the right of any individual under the [ADA] shall also constitute a violation of this section."). As set forth above, the Court has found that numerous identified barriers violate the ADA. The Unruh Act establishes a minimum of $4,000 dollars in statutory damages for each violation, "which may include multiple instances of visiting the same property or from being deterred from visiting." *Johnson v. Reimal Fam. Ltd. P'ship*, 2021 WL 428631, at *5 (N.D. Cal. Feb. 8, 2021) (citation omitted).

Although the parties have not addressed the issue, the Court will consider sua sponte whether Plaintiff's several return visits, and one deterred visit, to the Business were reasonable in light of the general duty to mitigate damages imposed by California law. *See id.* (agreeing that "California common law establishes a general duty to mitigate damages" that has not been altered by the Unruh Act). Even assuming that Plaintiff had such a duty to mitigate, the Court finds that his four actual visits were reasonable. First, Defendants have presented no argument or evidence to suggest that Plaintiff acted unreasonably. Second, although the record does not establish whether Plaintiff specifically informed Defendants at the time of his visits, or prior to filing the instant suit, that he had encountered barriers to access, it is uncontested that Defendants had previously been sued for accessibility violations and had failed to remediate the issues. SUF 50. Thus, Defendants were presumptively on notice regarding the existence of barriers at their Business that were not compliant with the ADA. See Dkt. No. 56-2. *See also Johnson v. Sammy's Rest., Inc.*, 2019 WL 1517572, at *6-7 (E.D. Cal. Apr. 8, 2019) (granting statutory

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 20-01882 RAO | Date: | August 31, 2021 |
| Title: | James Shayler v. Ehab S. Yacoub, et al. | | |

damages under Unruh Act for each violation claimed by the plaintiff where the defendants failed to set forth disputed issues of fact and where they "were clearly on notice that [the plaintiff] had encountered access barriers [previously] that he expected would be removed."). Further, the Court finds that Plaintiff did not act unreasonably in seeking statutory damages for a single deterred visit. Defendants have not presented any evidence to create a genuine issue of material fact as these claims. As such, the Court concludes that Defendants are liable for $20,000 in damages under the Unruh Act.

### VI.    CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment is GRANTED.

**IT IS SO ORDERED.**

<br>

|  | : |
|---|---|
| Initials of Preparer | dl |