Kevin M. Badkoubehi, Esq. (SBN 172851)
KMB Law Group
5850 Canoga Avenue, Suite 301
Woodland Hills, CA 91367
Telephone: (310) 598-8448
Facsimile: (310) 598-8486

Attorneys for Defendants Ehab Yacoub and Lorine A. Mikhaeil

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Shayler, an individual<br><br>Plaintiff,<br><br>vs.<br><br>Ehab S. Yacoub, an individual; Lorine A. Mikhaeil, an individual<br><br>Defendants | Case Number: 2:20-cv-01882-RAO<br><br>Hon. Rozella A. Oliver<br><br>REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE |

### A.  Newly discovered Evidence

Plaintiff conflates the deposition testimony of Defendants wherein they reviewed their own surveillance footage with the newly discovered still photographs and video that were provided by another attorney, from another location in one of the other hundred plus cases filed by the Plaintiff that were in the custody and control of an unrelated third party. Defendants' motion makes it clear that the photographs and copy of the letter addressed to the Chief Justice were made available to the defendant only *after* the hearing, and through the application of simple logic, could not have been the video or images Defendant(s) reviewed as part of their deposition.

The due diligence urged by Plaintiff would require defendants to contact each attorney for each defendant in over 133 cases asking specifically if they had any evidence of James Shayler bending and stooping, or any evidence they may have that

James Shayler was in fact not as disabled as he has led this Court to believe. The shear size of that task precludes a finding the defendants could have discovered the evidence presented with its motion with due diligence. (*Artal v. Allen* (2003) 111 Cal.App.4th 273, 280 [3 Cal.Rptr.3d 458] [Whether a plaintiff has exercised reasonable diligence necessarily depends on the facts of the individual case] As stated in the moving papers, the rather damaging photographs were provided to Counsel for the Defendants only after the hearing on Plaintiff's motion for summary judgment.

What makes Plaintiff's due diligence argument even more remarkable is the vagueness of the dates the violations were said to have occurred. "I visited once in November." This statement would require the owner of that property to have retained all video surveillance for the month of November and to then review 10 to 14 hours of that surveillance for each of 30 days in the month of November. The Plaintiff alleged he visited four times. Most businesses use a looping recording technology which does not make a permanent record for review and the fact that the photographs and video exist at all is itself striking.

**B.     Disability**

Whether James Shayler is disabled is a question of fact and within the purview of a jury. (*Bochner v. Equitable Life Assurance Society* (1935) 4 Cal.App.2d 670, 672 [41 P.2d 365] [The question of disability was one of fact for the court to decide upon all the evidence] It should be up to a jury, after having the opportunity to listen to the testimony of all of the experts employed by James Shayler, each stating he is disabled, to then compare those opinions with the photographs and videos before making the determination that James Shayler is in fact disabled.

With the argument by Plaintiff's counsel that Plaintiff now suffers from episodic disabilities, a fact which was not disclosed by Plaintiff as part of his complaint nor during discovery or deposition, the question that must be answered is whether or not on the four "approximate" dates set forth within the complaint, James

DEFENDANT'S REPLY TO OPPOSITION TO ORDER TO SHOW CAUSE

Shayler was completely disabled requiring a cane or walker, or whether he was, as shown within the photographs, having a good day and was fully capable of performing those acts. (which, as set forth under penalty of perjury within his declaration attached to Defendant's motion, he declared to be beyond his reach or abilities. (paragraph 4 of James Shayler's declaration "I use a cane daily to help me walk. When my pain is especially bad, I use a walker instead.")

### C. Fraud, Misrepresentation, or Other Misconduct

Plaintiff has filed numerous declarations, under the penalty of perjury, wherein he states he requires a cane or a walker to ambulate. Plaintiff has never stated or otherwise indicated that his disability is episodic in nature. The very definition of fraud or misrepresentation is to omit facts that if known to the adverse party, would change that adverse party's position. (*Civil Code* §1710)

To read the various declarations of James Shayler's **four** experts, one can only imagine the struggles Mr. Shalyer faced daily simply climbing from bed. Not one of his **four** experts uses the word episodic to describe Mr. Shayler's disability or condition. If in fact Mr. Shayler's disability is episodic, that information has never been pled nor conveyed in either the reports of the **four** experts or by Mr. Shayler himself. (*In re Cheryl E.* (1984) 161 Cal.App.3d 587, 600 [207 Cal.Rptr. 728] [plaintiff justifiably relied upon the misrepresentations and thereupon changed her position]

By definition, any defendant being aware that Mr. Shayler's disability is episodic in nature would make focused inquiry as to the extent of the disability he suffered from when making one of his many visits to a location on undisclosed days in a particular month.

The maximum fine awarded by this Court for each of Mr. Shayler's visits to Defendant's location ignores the fact, which has only now come to light, that Mr. Shayler's disability is episodic, and he may well have been having the kind of day depicted in the photographs attached to Defendants' motion when he visited the

location owned by the Defendants. At a minimum, to succeed, Mr. Shayler's motion for summary judgment must be based upon a declaration from Mr. Shayler as to the exact date(s) he visited the real property owned by the defendants, and that he was or was not able to ambulate in the fashion set forth in the photographs attached to Defendants' motion.

## CONCLUSION

In the simplest of terms, Mr. Shayler was photographed by one of his many defendants performing acts he claimed were impossible for him to perform. Faced with this evidence in the instant motion, Mr. Shayler's disability has suddenly transformed from "I rely upon a cane to ambulate and when the pain is bad, I use a walker" to my symptoms are episodic to explain the inconsistencies now evident within his pleadings.

Based upon the revelations laid bare by Mr. Shayler's opposition to Defendants' motion, there is amble reason and evidence to set aside the current order and deny his motion for summary judgment thereby permitting a trial on the merits of the case.

DATED: September 30, 2021                             KMB LAW GROUP

                                                      By:   /s/ Kevin M. Badkoubehi
                                                      KEVIN M. BADKOUBEHI, ESQ.

# PROOF OF SERVICE

I, Kevin M. Badkoubehi:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 5850 Canoga Avenue, Suite 301 Woodland Hills, CA 91367

On September 30, 2021, I served a copy of the within document(s):

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR ORDER TO SHOW CAUSE

|   |   |
|---|---|
| ☐ | **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below. |
| ☒ | **BY E-SERVICE:** by transmitting via **E-Filed by One Legal** the document(s) listed above to the following person(s) as designated on the Transaction Receipt located on the One Legal website. |
| ☒ | **BY ELECTRONIC SERVICE:** by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below. |

**Attorneys for Plaintiff**
Anoosh Hakimi
Peter Shahryar
H&S Law Group, PLC
1800 Vine Street, Suite 804
Los Angeles, CA 90028

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **September 30, 2021**, at Woodland Hills, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/s/ Kevin M. Badkoubehi
Kevin M. Badkoubehi