Kevin M. Badkoubehi, Esq. (SBN 172851)
KMB Law Group
5850 Canoga Avenue, Suite 301
Woodland Hills, CA 91367
Telephone: (310) 598-8448
Facsimile: (310) 598-8486

Attorneys for Defendants
EHAB S. YACOUB; LORINE A. MIKHAEIL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| JAMES SHAYLER, | Case Number: 2:20-cv-01882-RAO |
|---|---|
| Plaintiff, | DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES |
| vs. | (ROA 85) |
| EHAB S. YACOUB; LORINE A. MIKHAEIL | |
| Defendants | Date:     October 13, 2021<br>Time:     10:00 a.m.<br>Courtroom 590 |

TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD, IF ANY:

PLEASE TAKE NOTE that on October 13, 2021 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 590 of the United States District Court, located at 255 E. Temple Street, Los Angeles, California 90012, defendants EHAB S. YACOUB and LORINE A. MIKHAEIL will appear and oppose Plaintiff's motion for an award of attorney fees.

Said opposition shall be base upon this notice of opposition and opposition; upon the memorandum of points and authorities that have been filed and served concurrently herewith; upon the complete files and records of this Court as they

relate to the above entitled matter and; upon such further and additional evidence and oral argument as may be permitted by this Court at the time of the hearing. Defendants reserve the right to amend or supplement this opposition as there is currently a motion to vacate judgment submitted to the Court and said motion is pending to be heard and decided on.

DATED: September 30, 2021                    KMB LAW GROUP

By: /s/ Kevin M. Badkoubehi
_____
Kevin M. Badkoubehi, Esq.

**PROCEDURAL HISTORY**

Plaintiff filed his complaint for violations of the Americans with Disability Act and violations of the California Unruh Act on February 26, 2020. On March 17, 2021, Plaintiff filed its first motion for summary judgment which was denied by this Court on April 30, 2021. Plaintiff filed a renewed motion for summary judgment on March 26, 2021, which was opposed by defendants. On August 31, 2021, this Court granted Plaintiff's motion.

On September 9, 2021, defendants filed a Motion to Vacate based upon evidence that was discovered following the hearing on Plaintiff's second motion for summary judgment. No hearing date on Defendant's motion to vacate has been set.

On September 14, 2021, Plaintiff filed the instant motion seeking an award of attorney fees. Defendants contend that much of the work performed by plaintiff's attorney was both repetitive and duplicative of other such cases to the point where the declarations and complaints are nearly identical of previous work which has been performed. The alteration of an existing complaint to reflect the new address, dates and defendants does not require the efforts of a senior attorney billing at $495.00 hour but could instead be handled by a paralegal at a much lessor rate.

This Court has also agreed to examine the allegations of Defendants concerning new evidence that was discovered following the hearing on Plaintiff's motion for summary judgment. (ROA 93)  In the event this Court agrees with Defendants and grants the motion, an award of attorney fees would be premature.

II

**SUMMARY OF ARGUMENT**

Plaintiff seeks an award of attorney fees based upon the lodestar method of applying the hourly rate of the attorney and multiplying that rate times the number of hours expended in prosecuting the matter. In the case at bar, the loadstar fee being sought is excessive and unreasonable given the relief granted by this Court.

The hourly work claimed by plaintiff's attorney is duplic*ative, not* only in the

case at bar, but of former cases from which the vast majority of the pleadings are drawn. For example, given the fact that Plaintiff has filed over 130 nearly identical claims, with nearly identical pleadings and declarations, using the same investigator, spending time with the Plaintiff to discuss the facts of this particular matter is nothing less than a travesty, as would be any discussion with the investigator.

## III
## THE NUMBER OF HOURS SOUGHT FOR COMPENSATION IS UNREASONABLE

Recognizing that plaintiffs may obtain some relief when judgment is entered, the lodestar fee they seek ($42,874.00) is excessive and unreasonable. To begin with, in submitting a fee application, a prevailing party is required to exercise "billing judgment" by making a good faith effort to exclude from the request hours that are excessive, redundant, or otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 434, 1983. at 434. "Hours that are not properly billed to one's client also are not properly billed to one's adversary . . . ." Id. Plaintiff's counsel has not attempted to exercise such judgment. Instead, it appears they simply summarized all of the hours and activities they undertook since February 2020 and left it for the Defendants and Court to sort out. That is not the proper approach to submitting a fee application. The initial considerations in reducing a fee award are whether the hours requested have been adequately documented; whether the request reflects overstaffing and duplication of effort by counsel; and whether hours have been expended on activities that were unproductive, unnecessary, or otherwise unreasonable. See *Hensley*, 461 U.S. at 433-34; *Sorenson v. Mink*, 239 F.3d 1140, 1146-47 (9th Cir. 2001). Plaintiffs' fee request should be reduced for all of these reasons.

As an example, on January 31, 2020, Plaintiff expended .5 hours in researching the ownership of the business and property owner. On February 21, 2020, Plaintiff against spent an additional 1.1 hours reviewing the ownership of the

property . Plaintiff claims to have incurred over 8 hours of work in preparing the complaint, which is nearly identical to previous complaints which Plaintiff has filed, the only differences being the date and location of the various violations.

Another such example is found concerning this Court's minute order of September 17, 2020, concerning a discovery dispute. Plaintiff's counsel spent nearly 15 minutes reading a one paragraph statement from the Court and another 12 minutes drafting an email concerning the Court's order. The settlement conference required nearly 3 hours of effort on the part of Plaintiff's attorney wherein he spent 1.5 hours preparing a settlement conference memorandum on July 10, 2020, and then billed an additional .4 hours on July 14, 2020, to review the memorandum he prepared 4 days earlier.

In making this determination, "[t]he district court . . . should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 434. The assessment of reasonableness is made by reference to standards established in dealings between paying clients and the private bar, id. at 434, and the burden is on the party seeking fees to demonstrate, with sufficient evidence, that the hours worked, and rates claimed are reasonable, id. at 433-34; *accord* Schwarz, 73 F.3d at 906 (burden of showing that hours and fees are reasonable falls squarely upon the plaintiffs).

> Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

*Hensley* at 434; *accord Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir.2000) (citation omitted).

Accordingly, in setting a "reasonable" fee, the district court must "consider the relationship between the amount of the fee awarded and the results obtained." *Hensley*, 461 U.S.at 437. Even a finding that plaintiff has obtained "significant"

5
MEMORANDUM OF POINTS AND AUTHORITIES

relief "does not answer the question of what is 'reasonable' in light of that level of success." *Hensely* at 439. "A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley* at 439-40; *accord Schwarz*, 73 F.3d at 901.

## IV

## PLAINTIFF'S FEE APPLICATION IF PREMATURE

Defendants filed a motion to vacate judgment on September 9, 2021 (ROA 83) This court's minute order of September 13, 2021 (ROA 84) set a briefing schedule and provided a commitment by this court to hold a hearing on defendants' motion. No hearing date for the motion is currently set. Before an award of attorney fees can be made, there must be a prevailing party. Rule 54(d)(2)(B)(ii) of the Federal Rules of Civil Procedure requires that a motion for attorney fees and expenses "must specify the judgment" entitling the movant to the award. If defendants' motion is granted and this case restored to the civil calendar, there will be no judgment and thus no prevailing part at that time.

## V

## CONCLUSION

For each the foregoing reasons, plaintiffs' motion for attorney fees should be denied, or in the alternative, severely reduced. The Court should defer an award of fees and exchange of opposition to said motion and anticipated reply until after the awaited decision of this Court as to whether defendants' motion to vacate the summary judgment should be granted.

DATED: September 30, 2021                KMB LAW GROUP

                                         By:  /s/ Kevin M. Badkoubehi
                                         ───────────────────────────
                                         Kevin M. Badkoubehi, Esq.

# PROOF OF SERVICE

I, Kevin M. Badkoubehi:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 5850 Canoga Avenue, Suite 301  Woodland Hills, CA  91367

On September 30, 2021, I served a copy of the within document(s):

**DEFENDANTS OPPOSTIN TO PLAINTIFFS MOTION FOR ATTORNEYS FEES**

| | |
|---|---|
| ☐ | **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below. |
| ☒ | **BY E-SERVICE:** by transmitting via **E-Filed by One Legal** the document(s) listed above to the following person(s) as designated on the Transaction Receipt located on the One Legal website. |
| ☒ | **BY ELECTRONIC SERVICE:** by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below. |

| | |
|---|---|
| **Attorneys for Plaintiff**<br>Anoosh Hakimi<br>Peter Shahryar<br>H&S Law Group, PLC<br>1800 Vine Street, Suite 804<br>Los Angeles, CA  90028 | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **September 30, 2021**, at Woodland Hills, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/s/ Kevin M. Badkoubehi
Kevin M. Badkoubehi

3
PROOF OF SERVICE