Anoush Hakimi (SBN 228858)
anoush@handslawgroup.com
Peter Shahriari (SBN 237074)
peter@handslawgroup.com
Laura Steven (SBN 332168)
laura@handslawgroup.com
**THE LAW OFFICE OF HAKIMI & SHAHRIARI**
1800 Vine Street
Los Angeles, CA 90028
Telephone: (888) 635-2250
Facsimile: (213) 402-2170

Attorneys for Plaintiff,
**JAMES SHAYLER**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SHAYLER, an individual, | Case No.: 2:20-cv-01882-RAO |
| Plaintiff, | Hon. Rozella A. Oliver |
| v. | |
| EHAB S. YACOUB, an individual; LORINE A. MIKHAEIL, an individual; and DOES 1-10, | **PLAINTIFF'S REQUEST TO STRIKE LATE-FILED OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES** |
| Defendants. | |

///

///

1
PLAINTIFF'S REQUEST TO STRIKE LATE FILED OPPOSITION

Plaintiff respectfully requests that this Honorable Court strike Defendants' late-filed opposition (ECF Nos. 95 and 96) to plaintiff's motion for attorney fees.

Throughout the course of this lawsuit Defendants Ehab S. Yacoub and Lorine A. Mikhaeil (Defendants) have repeatedly ignored and violated the Federal Rules of Civil Procedure and the Local Rules of the Central District. This repeated violation of the rules reflects bad faith and an obvious desire to prejudice plaintiff by way of ambush.

Most recently, Defendants filed their opposition to plaintiff's motion for attorney fees (*see* ECF Nos. 95 and 96) on October 11, 2021, a full nineteen (19) days after it was due[1], and only two (2) days prior to the then-scheduled hearing date, leaving no time for Plaintiff to file his reply brief. Now that the hearing has been taken off calendar and the motion under submission, Plaintiff has no opportunity to reply to Defendants' late-filed opposition. Should Plaintiff now decide to file a reply to Defendants' late-filed opposition, Plaintiff's filing would also be late and Plaintiff's counsel is put in the impossible position of being forced to drop all other matters and immediately work on a reply to an off-calendar, innappropriately filed opposition. That is not fair and it is prejudicial, and for these reasons alone the late-filed opposition (ECF Nos. 95 and 96) should be stricken.

This is not the first time Defendants have intentionally flouted the rules of

---

[1] Per Local Rule 7-9 opposition papers shall be filed and served "not later than twenty-one (21) days before the date designated for the hearing of the motion."

this Court, however. This has happened repeatedly throughout this matter which reflects Defendants' bad faith and desire to ambush Plaintiff. The following are additional examples of Defendants' repeated violations of the Rules in descending order of occurrence:

      1.     On October 6, 2021, Defendants filed their motion to continue Plaintiff's motion for attorney fees (*see* ECF Nos. 90 and 91), without meeting and conferring with Plaintiff's counsel as required per Local Rule 7-3. In fact, Defendants never even bothered to contact Plaintiff's counsel to even attempt to meet and confer or to informally resolve the dispute, as required. Rather, Defendants just filed their motion, without any notice or request to Plaintiff to meet and confer or attempt to resolve the dispute without the need for judicial intervention.

      2.     On September 9, 2021, 2021, Defendants filed their motion to vacate (*see* ECF No. 83), without meeting and conferring with Plaintiff's counsel as required per Local Rule 7-3. In fact, Defendants never even bothered to contact Plaintiff's counsel to even attempt to meet and confer or to informally resolve the dispute, as required. Rather, Defendants just filed their motion, without any notice or request to Plaintiff to meet and confer or attempt to resolve the dispute without the need for judicial intervention.

      3.     On June 8, 2021, three (3) days before the hearing on Plaintiff's second summary judgment motion and six (6) days after Plaintiff had already filed

PLAINTIFF'S REQUEST TO STRIKE LATE FILED OPPOSITION

his reply brief in support of the motion, Defendants filed supplemental declarations of Ehab Yacoub (*see* ECF No. 60) and Saher Yassa (*see* ECF No. 60-1). With these late-filed declarations Defendants attempted to introduce new, previously undisclosed evidence and new arguments not presented in their opposition to Plaintiff's motion. This was again another bad faith attempt to ambush and thereby prejudice Plaintiff.

    4. On April 9, 2021, five (5) days before the hearing on Plaintiff's first summary judgment motion, Defendants filed the declaration of Saher Yassa (*see* ECF No. 51). With this late-filed declaration, Defendants attempted to introduce new, previously undisclosed evidence and new arguments not presented in their opposition to Plaintiff's motion. This was again another bad faith attempt to ambush and thereby prejudice Plaintiff.

    5. On September 15, 2020, exactly one (1) day before the hearing on Plaintiff's motion to compel, Defendants filed their "response" in opposition to Plaintiff's motion to compel (*see* ECF No. 34) in the form of Mr. Badkoubehi's declaration. This late filed opposition was filed a full twenty (20) days after it was due, and only one (1) day prior to the then-scheduled hearing date, thereby depriving Plaintiff an opportunity to reply.  This was again another bad faith ambush of Plaintiff which prejudiced Plaintiff.

  The above are only a few examples of Defendants' intentional bad faith actions taken throughout the course of this lawsuit in violation of the Rules of this

Court. These bad faith actions are clearly designed to ambush Plaintiff and thereby prejudice his prosecution of this matter. Defendants have been intentionally evasive and engaged in gamesmanship at every turn, including, ignoring emails of Plaintiff's counsel, refusing to meet and confer when requested and obstructing discovery[2].

All of these actions taken together have also had the intended consequence of putting Plaintiff's counsel through the proverbial "wringer" and thereby multiplying the amount of time Plaintiff's counsel was forced to dedicate to this matter and thereby driving up Plaintiff's counsel's incurred attorney fees and costs.

The Court has the authority to strike late filed opposition papers, especially when as here, the conduct is repeated, in bad faith and causes prejudice to the moving party. *See* for example, Carter v. Bank of America., 2015 U.S. Dist. LEXIS 186910 (C.D. Cal. October 22, 2015), wherein the court stated with respect to late-filed oppositions, a motion to strike the oppositon as untimely is proper rather than rewarding imprudence with consideration.

///

///

///

---

[2] Defendants' obstruction of discovery resulted in this Court granting Plaintiff's motion to compel (*see* ECF No. 46), and the Court's order directing Defendant to respond to Plaintiff's request for sanctions. Plaintiff is awaiting a further order from the Honorable Court as appropriate regarding Plaintiff's request for sanctions.

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court strike Defendants' late-filed opposition (ECF Nos. 95 and 96) to plaintiff's motion for attorney fees.

Dated:  October 13, 2021        THE LAW OFFICE OF HAKIMI & SHAHRIARI

By:  /s/Anoush Hakimi
Anoush Hakimi
Attorneys for Plaintiff James Shayler

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28