UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 20-01882 RAO | Date: | February 4, 2022 |
| Title: | James Shayler v. Ehab S. Yacoub, et al. | | |

| | |
|---|---|
| Present: | The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE** |

| | |
|---|---|
| Donnamarie Luengo | N/A |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:**  (In Chambers) **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SANCTIONS [32]**

On August 13, 2020, Plaintiff James Shayler filed a motion to compel discovery responses to 61 requests for document production and 338 requests for admission, among other things, and also requested the imposition of monetary sanctions on Defendants. Dkt. No. 32. On September 15, 2020, Defendants filed a declaration, which the Court construed as their opposition to the motion to compel. Dkt. No. 34.

On December 23, 2020, the Court issued an order granting Plaintiff's motion to compel in full as to the document requests and in part as to the requests for admission. Dkt. 46. The Court ordered Defendants to file a response to Plaintiff's request for $3,217.50 in sanctions, comprising six and a half hours of work at $495 per hour. *Id.*

On January 6, 2021, Defendants filed an opposition to Plaintiff's request for sanctions. Dkt. No. 47. For the following reasons, Plaintiff's request for sanctions is **GRANTED in part** as set forth below.

### I.   ANALYSIS

Under the Federal Rules, if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). This rule applies to inadequate responses to requests for admission. Fed. R. Civ. P. 36(a)(6). Likewise, monetary sanctions must be awarded for failure to produce documents. Fed. R. Civ. P. 37(a)(3)(B)(iv), 37(a)(5)(A).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 20-01882 RAO | Date: | February 4, 2022 |
| Title: | James Shayler v. Ehab S. Yacoub, et al. | | |

Defendants argue that Plaintiff's request for sanctions should be denied. They contend that the Court found "several of Plaintiff's [sic] defenses were meritorious[.]" Dkt. No. 47 at 2. They point out, for example, that the Court did not order Defendants to respond to 338 requests for admission but instead directed Plaintiff to select and re-serve on Defendants 100 of those requests. *See* Dkt. No. 46 at 5. Additionally, they maintain that the sanctions sought "appear to be punitive in nature and not reasonably related to the actual effort involved." *Id.* at 3.

The Court disagrees with Defendants' characterization of the relief that was granted. In fact, the Court expressly rejected Defendants' "defenses," finding that their objections were unsupported and consisted only of boilerplate language that failed to assert any evidentiary privilege.[1] Nevertheless, the Court also found that Plaintiff had overreached in serving 338 requests for admission in this relatively straightforward case.

Federal Rule of Civil Procedure 37(a)(5)(C) provides that, "[i]f the motion [to compel] is granted in part and denied in part, the court may . . . after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Under the circumstances set forth above, the Court concludes that reasonable expenses should be awarded to Plaintiff in the amount of $1,980, constituting four hours of work at counsel's hourly rate of $495.[2]

Defendants shall complete payment to Plaintiff's counsel within 30 days of the date of entry of this order.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| | Initials of Preparer | dl |

---

[1] The Court further notes that Defendants did not comply with the Central District local rules when they filed their response to Plaintiff's motion to compel just three days before the noticed hearing date.

[2] The rate requested by counsel is reasonable based on the Court's knowledge of the prevailing rates of similarly experienced attorneys in the Los Angeles area for the type of work performed in this case.