Anoush Hakimi (State Bar No. 228858)
*anoush@handslawgroup.com*
Peter Shahriari (State Bar No. 237074)
*peter@handslawgroup.com*
Laura Steven (State Bar No. 332168)
*laura@handslawgroup.com*
**THE LAW OFFICE OF HAKIMI & SHAHRIARI**
1800 Vine Street
Los Angeles, CA 90028
Telephone: (888) 635-2250
Facsimile: (213) 402-2170

Attorneys for Plaintiff,
**JAMES SHAYLER**

[ADDITIONAL COUNSEL ON THE FOLLOWING PAGE]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Shayler, an individual, | Case No.: 2:20-cv-01882-RAO |
| Plaintiff, | Hon. Rozella A. Oliver |
| v. | **JOINT STATUS REPORT REGARDING REMEDIATION** |
| Ehab S. Yacoub, an Individual; Lorine A. Mikhaeil, an Individual; and Does 1-10, | |
| Defendants. | |

Kevin M. Badkoubehi, Esq. (State Bar No. 172851)
*kevin@kmblawgroup.com*
**KMB LAW GROUP, INC.**
5850 Canoga Avenue, Suite 301
Woodland Hills, CA 91316
Telephone (310) 598-8448
Facsimile: (310) 598-8486

Attorneys for Defendants
**EHAB S. YACOUB AND LORINE A. MIKHAEIL**

JOINT STATUS REPORT REGARDING REMEDIATION

Pursuant to the Court's Order entered on February 4, 2022 (ECF No. 101), the parties hereby file a joint status report on the status of remediation.

**Plaintiff's Position**

Plaintiff's investigator visited the property on February 6, 2022 to assess the status of the remediation after the Court issued the above Order (ECF No. 101). The remediation ordered by this Honorable Court has not been completed as required by the Court's Order granting Plaintiff's Motion for Summary Judgment (ECF No. 81). For ease of navigation, Plaintiff will address each item in the Order listed on page 8:

1. **Tow-away sign. Finding 1; FAC at 6-7.** The sign posted still does not contain the required tow company name and telephone number.



2. **Accessible parking stall/access aisle markings. Finding 3; FAC at 7-9.** Plaintiff does not dispute that this has been re-painted.

3. **"No Parking" surface sign in access aisle. Finding 4; FAC at 9.**

Plaintiff does not dispute that this has been re-painted.

4. **ISA surface sign in accessible parking stall. Finding 5; FAC at 10.**

Plaintiff does not dispute that this has been re-painted.

6. **Length of accessible parking stall and access aisle. Finding 6; FAC at 8.** The access aisle remains less than the required eighteen feet (18') long, instead only measuring fifteen feet (15') long (180 inches).



JOINT STATUS REPORT REGARDING REMEDIATION





7. **Cross-slope within parking lot. Finding 7; FAC at 17-18.** Slopes in excess of the two percent (2%) limit remain in the parking area, including slopes as high as 5.8 percent (5.8%).



8. **Rear entrance floor mat unsecured. Finding 10; FAC at 20-21.**

The rear entrance mat remains unsecured.



10. **Front entrance threshold. Finding 16; FAC at 21**. The front door threshold remains in excess of one-half inch (1/2").



11. **Front entrance door clearing. Finding 17; FAC at 22.** The front door clearing does not measure thirty-two inches (32") between the

face of the door and the stop; instead, it measures twenty-nine inches (29").





12. **Lack of accessible table in outdoor dining area. Finding 20; FAC at 14-15.** The dining tables remain unchanged.



13. **Counter height. Findings 22-24; FAC at 14.** The sales counter remains above the thirty-four inch (34") maximum and instead measures forty-two inches (42") off the finish floor. The beverage counter was noted to be out of service but still exceeded the maximum reach of forty-eight inches (48"), instead measuring fifty inches (50"). The wall seating still does not provide a compliant low seating space at thirty-four inches (34") high, and instead measures forty-four inches (44") high.



JOINT STATUS REPORT REGARDING REMEDIATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



JOINT STATUS REPORT REGARDING REMEDIATION



14. **Bathroom door signage. Findings 25-26; FAC at 15.** Compliant restroom signage has not been installed.



15. **Accessible lavatory violations. Findings 27-31; FAC at 15-17.** The rim of the urinal remains in excess of the maximum allowable height of thirteen and one-half inches (13-1/2"), and instead measures over seventeen inches (17"). The toilet seat cover remains behind the toilet, and thus is not on an accessible route. The side and rear grab bars are still located more than thirty-six inches (36") off of the finish floor. The water lines under the lavatory (sink) have not been insulated. The bottom edge of the reflecting surface of the mirror exceeds the maximum of forty inches (40") off the finish floor.





JOINT STATUS REPORT REGARDING REMEDIATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28









JOINT STATUS REPORT REGARDING REMEDIATION

<u>Defendants' Position</u>

Plaintiff  contends that on February 6, 2022 an unidentified inspector inspected the property and made the conclusion that there are still violations the property.

There has not been a notice to the Defendants that anyone from Plaintiff's side will be visiting the property nor anyone has inspected the proprety. There are no time stamps on any of the pictures and these are at best the same pictures of the original inspection. Defendants contends these pictures are inaccurate and requests from the Court the request to have a declaration from the so-called investigators shows identity of the individual the timeline of these pictures. The veracity and accuracy of said pictures are contested by these defendants.

The inspection pictures are all from the inside of a business that was not even named in the lawsuit.

As Defendants clearly presented in their motion to vacate the judgment the plaintiff in this case is a scam artist. The pictures clearly show that he is not even handicapped and goes on random business and set them up.

Defendants showed by way of a declarations by their experts that the alleged violations that can be fixed where fixed.  There were violations in areas that were not in control of the Defendant and rather in control of the city.

As a Senior Architect in the Sacramento regional office Mr.Yassa who was

retained by Defendants oversaw the plan check operations and access compliance

with the State of California Building Code and the American with Disabilities Act.

Based upon his recommendations in response to the  with a list of violations the

Plaintiff in this action complains of following corrections were made and

completed:

These are all items contended by the plaintiff in their second motion for

summary judgment and corrected by Defendants:

**1.  The Tow-Away Sign**

Only one sign was relocated where it is now be visible to the accessible car driver,

versus within the city alley as previously posted.

**2.  The access aisle is not located on an accessible route of travel to the accessible building entrance.**

The building now  provides  accessible logos on all nonassessable entrances with

directional arrows.

**3.  The accessible route of travel between the building and the public way on the site contains cross areas that are unsafe to the proximity of vehicle traffic.**

This particular complaint of the Plaintiff is directed towards the Defendants were

the actual owner of the property is Culver City.

**4.     The accessible parking sign is not located correctly.**

As with the other sign, this one is also located in a one-way only alley owned by the city. I have relocated the sign where it will be visible to the accessible car drivers.

5.     **The accessible parking stall is not long enough**

While it is difficult to determine the exact length of the parking stall the minor defect in its length was cured when the parking stall was repainted.

**6.     The cross slope (narrow dimension) of the parking stall exceeds 2%**

Based upon the  measurement with a water level and determined the slope was 2.03% which is a minor construction error, and which does not represent any safety or hazard as advised by Mr. Yassa.

7. **The running slope (long dimension) of the accessible parking stall exceeds 2%**

Based upon the  measurement with a water level and determined the slope was 2.03% which is a minor construction error, and which does not represent any safety or hazard as advised by Mr. Yassa.

8.     **The accessible parking space is missing the ISA**

The ISA symbol existed but was extremely faded, a The ISA symbol was corrected

during the process of the stall(s) being painted,

**9.     The striping and markings for the accessible parking stall, loading/unloading access aisle is dilapidated and in need of repair and/or maintenance.**

Per inspection of Mr. Yassa, the Plaintiff does not distinguish what is city-owned versus owned by me, as they do not distinguish between the door threshold in the edge of the parking stall.  Per inspection of Mr. Yassa, many of the concerns pointed out by Plaintiff actually lie with Culver City.

**9.   The loading/unloading access aisle does not contain the words "NO PARKING" with a minimum of 12-inch white letters.**

The words "NO PARKING" was  addressed by a new coat of paint.

**11.     The cross slope (short dimension) of the access aisle exceeds 2%**

Based upon the  measurement with a water level and determined the slope was 2.03% which is a minor construction error, and which does not represent any safety or hazard as advised by Mr. Yassa.

**12.     The access aisle is not a minimum 8 feet wide**

Per Mr. Yassa inspection, there was  no obstruction on either side and the ADA allows fractional construction errors on all dimensions.

**13.     The access aisle contains of rough edges and surface irregularities over ¼ inch.**

Per inspection of Mr. Yassa, many of the concerns pointed out by Plaintiff actually lie with Culver City. **The accessible route of travel that crosses or adjoins the vehicular way and they walking service is not separated by curbs, railings, or other elements between pedestrian areas and the vehicular areas.**

14. **The access aisle is not located on an accessible route of travel to the accessible building entrance.**

This is a commercial structure built in the 50s with parking permitted in the rear of the building and prohibited in the front. The route from the parking which is provided to the front entrance of the building must, by design, traverse and alley owned by Culver City

15. **The access aisle is located so that a person with a disability is compelled to wield or walk behind parking spaces other than their own accessible parking space.**

After a thorough inspection of the site, he was unable to locate any area on or near the site where this particular complaint, made by Plaintiff, would be applicable.

16. **The accessible route of travel between the building and the public way on the site contains cross areas that are unsafe due to the proximity to vehicle traffic.**

Per Mr. Yassa Inspection and title records, this is a commercial structure built in the 50s with parking permitted in the rear of the building and prohibited in the

front. The route from the parking which is provided to the front entrance of the building must, by design, traverse and alley owned by Culver City.

17.     **The accessible path of travel between the building entrance and the accessible parking contains cross slopes greater than 2%**

A vast majority of the route from the parking which is provided to the front entrance of the building is comprised on City property and is not under the control or dominion of the Defendant and it will represent unreasonable hardship.

18.     **The landings at the entrance doors exceed 2% slope**

The area referred to here is the street sidewalk and the Defendant must respect the City's finish grade and therefore cannot make any corrections or adjustments.

19.     **The walkway contains abrupt vertical edges and or variations over ¼ inch.**

Once again, the area referred to as the street sidewalk belonging to Culver City. Any corrections that can be made to this interface would have to be through or come from Culver City.

20.     **The clear floor space required at the patio/outdoor seating tables has slopes exceeding six percent (6%).**

The area referenced here is the street sidewalk and the Defendant must respect the City's finish grate and therefore cannot make any corrections or adjustments.

21.     **The toilet seat cover dispenser is not on an accessible route with a**

**dispenser a maximum of forty inches (40") above the floor, instead it is mounted over the rear grab bar.**

The toilet seat dispenser has been moved to an accessible route and is forty inches (40") above the floor.

22. **The water lines under the lavatory (sink) are not adequately insulated**

The water lines have been properly insulated

23. **The reflecting surface of the restroom mirror is positioned more than forty inches (40") above the floor.**

The mirror has been relocated so that the reflecting service is forty inches above the floor.

24. **The grab bar on the wall behind the toilet is positioned more than thirty-three inches (33") above the floor.**

The grab bar on the wall behind the toilet has been repositioned so that it is thirty-three inches (33") above the floor.

25. **The unisex geometric sign for the restroom is missing.**

A unisex geometric sign for the restroom has been installed.

26. **The mats inside and outside of the Fresh Pita Organic Express restaurant/eatery are not secured, which can easily cause buckling and rolling.**

The mats inside the restaurant have been secured

27.    **The required tactile exit signs are missing from the front and rear exit doors.**

Required tactile exit signs have been placed at the front and rear exit doors.

28.    Defendants have previously provided GIS map from Culver City showing the access aisles travels across property controlled by Culver City.

29.    Multiple pictures were accompanied with Defendants' opposition to second summary judgement that would verify a number of the corrections.

JOINT STATUS REPORT REGARDING REMEDIATION

Dated:  February 9, 2022          THE LAW OFFICE OF HAKIMI & SHAHRIARI


By:   _/s/ Anoush Hakimi_____
     Anoush Hakimi, Esq.
     Attorneys for Plaintiff, James Shayler

Dated:  February 9, 2022          KMB LAW GROUP, INC.


By:   _/s/ Kevin M. Badkoubehi_____
     Kevin M. Badkoubehi, Esq.
     Attorneys for Defendants,
     Ehab S. Yacoub and Lorine A. Mikhaeil

## SIGNATURE ATTESTATION

I, Anoush Hakimi, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


_/s/ Anoush Hakimi_
ANOUSH HAKIMI