UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SHAYLER,<br><br>        Plaintiff,<br><br>    v.<br><br>EHAB S. YACOUB; LORINE A. MIKHAEIL,<br><br>        Defendants. | Case No. CV 20-01882 RAO<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 12205 OF THE AMERICANS WITH DISABILITIES ACT |

    Before the Court is a Motion for Attorney's Fees ("Motion") filed by Plaintiff pursuant to 42 U.S.C. § 12205 of the Americans with Disabilities Act ("ADA"). Dkt. No. 85. For the reasons stated below, the Court **GRANTS in part** Plaintiff's Motion.

**I.    BACKGROUND**

    In February 2020, Plaintiff filed a complaint against Ehab Yacoub and Lorine Mikhaeil, alleging violations of the ADA and California's Unruh Civil Rights Act ("Unruh Act"). Dkt. No. 1. On October 26, 2020, the Court order that Plaintiff's First Amended Complaint ("FAC") be filed. Dkt. Nos. 43, 44. In the FAC, Plaintiff alleged that he had encountered numerous barriers in attempting to access Defendants' business, Fresh Pita Express, and that Defendants' failure to remove these barriers constituted violations of the ADA and Unruh Act. Dkt. No. 44.

Plaintiff sought injunctive relief under the ADA, statutory damages under the Unruh Act, and attorney's fees and costs under the Unruh Act and the ADA. *Id*. at 29.

Prior to filing his first motion for summary judgment, Plaintiff propounded extensive discovery requests and moved to compel further responses to those requests, which the Court granted. Dkt. Nos. 32, 46. Thereafter, on March 17, 2021, Plaintiff moved for summary judgment, which motion the Court denied on the ground that Plaintiff had not met his initial burden of plausibly showing that the removal of the identified barriers was "readily achievable." Dkt. Nos. 48, 55 at 9.

On May 5, 2021, Plaintiff filed a second motion for summary judgment. Dkt. No. 56. On August 31, 2021, the Court granted the summary judgment motion, found Defendants liable for $20,000 in damages, and ordered specific remediations to be carried out by Defendants. Dkt. No. 81.

On September 9, 2021, Defendants filed a motion to vacate the Court's order granting summary judgment on the ground that newly-discovered evidence, in the form of video footage and screen captures of that footage, cast doubt on Plaintiff's alleged disability. Dkt. No. 83. On September 22, 2021, Plaintiff filed an opposition to Defendants' motion to vacate. Dkt. No. 86.

On October 8, 2021, the Court denied Defendants' motion to vacate, finding that Defendants had failed to demonstrate due diligence in that they had never attempted to challenge Plaintiff's allegations of disability prior to filing their motion to vacate and, moreover, failed to show that the newly-discovered evidence would have been likely to change the disposition of the case or established fraud or misrepresentation by Plaintiff. Dkt. No. 94.

Meanwhile, on September 14, 2021, Plaintiff filed the instant Motion, in which he requests $37,460 in reasonable attorney's fees and $5,414 in litigation expenses pursuant to 42 U.S.C. § 12205 and California Civil Code § 52(a). Dkt. No. 85. Plaintiff noticed a hearing date of October 13, 2021. *Id.*

On September 30, 2021, Defendants filed an opposition to the Motion, in which they contended that the fees amount sought was excessive and that the request for fees was premature while their motion to vacate was pending and no final judgment had been entered. Dkt. No. 88. On October 6, 2021, Plaintiff filed a reply in support of the Motion. Dkt. No. 92. On the same day, October 6, 2021, Defendants moved to continue the hearing date on the Motion on the ground that their motion to vacate was pending. Dkt. No. 90.

After the Court denied Defendants' motion to vacate, on October 11, 2021, two days before the noticed hearing on the fees Motion and without seeking leave to do so, Defendants filed an "amended" opposition to the Motion and a supporting declaration by counsel. Dkt. Nos. 95, 96. On October 12, 2021, the Court vacated the October 13, 2021 hearing and took the Motion under submission. Dkt. No. 97.

On October 13, 2021, Plaintiff filed a request to strike Defendants' amended opposition on the ground that it was untimely. Dkt. No. 98.[1] On October 14, 2021, Defendants filed a declaration by counsel, seemingly in opposition to Plaintiff's motion to strike. Dkt. No. 99.[2]

## II. **LEGAL STANDARD**

Under the ADA, prevailing parties are entitled to recoup reasonable attorney's fees. 42 U.S.C. § 12205. Further, the Unruh Act provides that a plaintiff subjected to discrimination is entitled to "any attorney's fees that may be determined by the court[.]" Cal. Civ. Code § 52(a).

In the Ninth Circuit, reasonable attorney's fees are determined by means of the lodestar method, by which the number of hours reasonably expended on the

---

[1] In his motion to strike, Plaintiff also noted that his previous request for sanctions set forth in his motion to compel remained pending. Dkt. No. 98 at 5 n.2. That request will be addressed by a separate order.

[2] The Court has read and considered Defendant's amended opposition but for the reasons given below has not relied upon it in assessing the reasonableness of Plaintiff's fees request. As such, Plaintiff's request to strike is DENIED as moot.

litigation is multiplied by a reasonable hourly rate. *See Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1158 (9th Cir. 2018). Ultimately, the district court has discretion in determining a reasonable fee in accordance with established principles. *Id*.

In determining hours reasonably expended, a district court should exclude from the fee request hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed.2d 40 (1983). "Cases may be overstaffed, and the skill and experience of lawyers vary widely." *Id*.

When determining a reasonably hourly rate, courts should "compensate counsel at the prevailing rate in the community for similar work." *Vogel*, 893 F.3d at 1158. Notably, "[t]he district court must strike a balance between granting sufficient fees to attract qualified counsel to civil rights cases and avoiding a windfall to counsel." *Id*. (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)). "It remains important, however, for the district court to provide a concise but clear explanation of its reasons for the fee award." *Hensley*, 461 U.S. at 437.

## II. DISCUSSION

### A. Plaintiff's Motion for Attorney's Fees and Costs is Ripe

As an initial matter, Defendants argue that Plaintiff's Motion was prematurely filed because the Court had not yet ruled on their motion to vacate and, therefore, no judgment had been entered. Dkt. No. 88 at 6. Defendants' argument is rejected.

Although Rule 54 (d)(2)(B)(i) of the Federal Rules of Civil Procedure states that a motion for attorney's fees must "be filed no later than 14 days after the entry of judgment," the Court entered final judgment on April 29, 2022, awarding statutory damages and injunctive relief. Dkt. No. 106. As such, any timing defect has been cured. *See, e.g.*, *Signature Fin., LLC v. McClung*, 2018 WL 6843050 at 1 n.1 (C.D. Cal. Aug. 13, 2018) ("The issuance of the Partial Judgment cured any defect from

Plaintiff's pre-judgment filing.").

### B. Attorney's Fees

It is undisputed that Plaintiff is the prevailing party. Thus, the Court will proceed to determine what constitutes reasonable attorney's fees.

#### i. Reasonable Hourly Rates

Plaintiff's lead counsel, Mr. Hakimi and Mr. Shahriari, request an hourly rate of $495. They represent that they have been in practice since 2003 and 2002, respectively, and have extensive knowledge and experience litigating ADA cases "as reflected in the public record." Dkt. No. 85-2, Hakimi Decl. at ¶¶ 15, 16. In support of their requested hourly rate, Plaintiff's counsel point to three cases in this district, in which their requested rate has been approved. Dkt. No. 85-1 at 7 (citing *Shayler v. 450 E. Manchester Blvd., LLC et al.*, Case No. 2:19-cv-10171 (C. D. Cal. July 6, 2020); *Berry v. L.S. Prop. Mgmt. LLC, et al.*, Case No. 2:20-cv-549 (C.D. Cal. Apr. 30, 2020); and *Walker v. Politis, et al.*, Case No. 2:21-cv-1897 (C.D. Cal. Aug. 18, 2021)).

The Court finds these decisions instructive, but not compelling. In *450 Manchester,* the case was dismissed after the parties reached a settlement and the fee award was not detailed. *See* Case No. 2:19-cv-10171, Dkt. No. 22. In *Berry,* the court awarded fees after the plaintiff obtained a default judgment. *See* Case No. 2:20-cv-549, Dkt. No. 17 at 9. Similarly, in *Walker*, the court granted a default judgment and awarded fees based on an uncontested fee motion. *See* Case No. 2:21-cv-1897, Dkt. No. 23 at 1.

Notably, two other recent decisions in this district came to a different conclusion regarding a reasonable hourly rate for Mr. Hakimi and Mr. Shahriari. In both *Shayler v. B-K Inglewood Prop., LLC, et al.*, Case No. 2:20-cv-9172 (C.D. Cal. Aug. 30, 2021), and *Ed Hull v. Roberts*, Case No. 2:21-cv-896 (C.D. Cal. Aug. 27, 2021), the court conducted a reasonableness analysis and concluded that $425, rather than $495, was a reasonable rate for attorneys with Mr. Hakimi's and Mr. Shahriari's

"years in practice to charge for litigating formulaic cases of this nature." *Hull*, Case No. 2:21-cv-896, Dkt. No. 24 at 2; *see also B-K Inglewood*, Case No. 2:20-cv-9172, Dkt. No. 38 at 2. The Court finds these decisions well-reasoned and persuasive and concludes that $425 per hour is a reasonable hourly rate for Mr. Hakimi and Mr. Shahriari.

Plaintiff requests hourly rates of $425 for associate attorney Ms. Steven and $295 for associate attorney Mr. Wilson. Dkt. Nos. 85-1 at 9; 85-2 at ¶¶ 17, 18. Plaintiff contends that these rates, along with the requested rates for Mr. Hakimi and Mr. Shahriari, are "arguably below market" when examined in light of the 2018 Real Rate Report, an indicator of attorney hourly rates in various markets. Dkt. No. 85-1 at 8-9. Once again, the Court founds the decisions in *Hull* and *B-K Inglewood* persuasive. In those cases, the court determined that $325 per hour was a reasonable rate for Ms. Steven, and $250 per hour a reasonable rate for Mr. Wilson, in light of the court's "considerable experience" with awarding attorney's fees in ADA cases. *B-K Inglewood Prop.*, Case No. 2:20-cv-9172, Dkt. No. 38 at 2; *see also Hull*, Case No. 2:21-cv-896, Dkt. No. 24 at 2. The Court agrees and concludes that a reasonable hourly rate is $325 for Ms. Steven and $250 for Mr. Wilson.

### ii. Reasonable Hours Expended

Counsel assert that they spent a total of 83.3 billable hours on this case by the time the instant Motion was filed. Dkt. No. 85-2, Hakimi Decl., at ¶ 14. Defendants counter that the fees award should be reduced because the hours requested are excessive, redundant, or otherwise unnecessary. Dkt. No. 88 at 4.

The Court agrees with Defendants to the extent that the complaint in the case at bar appears to contain several boilerplate sections. Notably, Plaintiff, represented by the same counsel, initiated two other complaints in this district on the same day as the instant case with similar, if not identical, allegations. *Compare Shayler v. Kaufman*, Case No. 2:20-cv-1881 (C.D. Cal. Feb. 26, 2020), Dkt. No. 1 (entitled "Complaint for Violation of: American's [*sic*] with Disabilities Act of

1990, 42 U.S.C. §12181 et seq.; Unruh Civil Rights Act, California Code §51 et seq."); *with Shayler v. Pontius Auto. LLC*, Case No. 2:20-cv-1872 (C.D. Cal. Feb. 26, 2020), Dkt. No. 1 (entitled "Complaint for Violation of: American's [*sic*] with Disabilities Act of 1990, 42 U.S.C. §12181 et seq.; Unruh Civil Rights Act, California Code §51 et seq."). The Court notes that these three complaints, filed on the same day, contain various identical errors that suggest they were copied and pasted in part from a single source. As such, the Court finds that part of the 4.9 hours billed by Mr. Shahriari on February 19 and February 26, 2020, which are attributed to preparing and finalizing the complaint, as well as part of the 1.1 hours billed by Mr. Hakimi on February 21, 2020, which are attributed to reviewing the complaint, Dkt. No. 85-7 at 3-4, are excessive and, thus, unreasonable. The Court will reduce Mr. Shahriari's time for drafting the complaint from 4.9 hours to 3.0 hours and Mr. Hakimi's time for drafting the complaint from 1.1 hours to 0.6 hours.

Defendants also contest the reasonableness of time billed by Plaintiff's counsel in connection with the July 2020 settlement conference. Dkt. No. 88 at 5. Mr. Shahriari billed 1.5 hours for preparing a fourteen-page settlement conference memorandum and an additional 0.6 hours for "reviewing the file in preparation for attending the settlement conference" four days later. Dkt. No. 85-7 at 4. The Court finds that this billing is mildly excessive, given that counsel must have reviewed the file first in order to prepare the settlement conference memorandum. Therefore, the Court will reduce Mr. Shahriari's 0.6 hours for reviewing the file to 0.2 hours.

Plaintiff's counsel billed 1.9 hours for drafting the instant Motion. Dkt. No. 85-7 at 9. Because the Motion appears quite similar to other motions for attorney's fees recently filed by Counsel, *see, e.g.*, *Walker*, Case No. 2:21-cv-1897 (C.D. Cal. July 30, 2021), Dkt. No. 23; *Hull*, Case No. 2:21-cv-896 (C.D. Cal. July 29, 2021), Dkt. No. 22, the Court finds the billed time to be excessive and reduces Ms. Steven's time for drafting the instant Motion from 1.9 hours to 0.9 hours.

In their amended opposition to the instant Motion, Defendants raise two new objections. First, Defendants claim Plaintiff's Exhibit 4, the Billing Statement, is hearsay. Second, Defendants contend that Plaintiff's counsel have engaged in block billing. Dkt. No. 95 at 6-9.

Defendants' objections are meritless and, thus, overruled. First, Mr. Hakimi's declaration, Dkt. No. 85-2, is sufficient to authenticate the document for the Court's consideration. Second, Defendants have failed to show that Plaintiff's counsel has engaged in inappropriate block billing.

### iii. Calculation of Reasonable Attorney's Fees

Based on the rates and hours discussed above and outlined below, the Court awards Plaintiff $29,167.50 in reasonable attorneys' fees, calculated as follows:

Mr. Hakimi requests an award of fees for 20.9 billed hours at a rate of $495 per hour. The Court grants 20.4 hours at a rate of $425 for a total of $8,670. Mr. Shahriari requests 20.3 hours at a rate of $495 per hour. The Court grants 18 hours at a rate of $425 per hour for a total of $7,650. Ms. Steven requests 34.3 hours at a rate of $425 per hour. The Court grants 33.3 hours at a rate of $325 per hour for a total of $10,822.50. Mr. Wilson requests 8.1 hours at a rate of $295 per hour. The Court grants 8.1 hours at a rate of $250 per hour for a total of $2,025.

### C. Litigation Expenses

Plaintiff requests $5,414.00 in litigation expenses associated with the Court filing fee, service of process, deposition services, and the investigator's fees. Plaintiff has provided invoices for these expenses. See Dkt. Nos. 85-2, Hakimi Decl. ¶¶ 4, 9, 12; 85-4, 85-5, 85-6. Defendants have not challenged the request. Therefore, the Court awards Plaintiffs $5,414.00 in litigation expenses. *See* 42 U.S.C. § 12205; *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002) ("Congress included the term 'litigation expenses' in order to authorize a court to shift costs such as expert witness fees, travel expenses, and the preparation of exhibits.").

## III. CONCLUSION

Consistent with the foregoing, IT IS ORDERED that Counsel's motion for attorney's fees is **GRANTED in part**. The Court awards attorney's fees in the amount of **$29,167.50** and costs in the amount of **$5,414.00**, pursuant to 42 U.S.C. § 12205, and California Civil Code § 52(a), for a total award of **$34,581.50**. Defendants shall pay the fees and costs within thirty (30) days after the entry of this order.

DATED: April 29, 2022

*Rozella A. Oliver*
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE